PILLIOD LUMBER CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 10015.   Promulgated July 8, 1927.

A document filed with the collector of internal revenue on May 31, 1919, in the caption of which appeared in typewriting " The Pilliod Lumber Co., Swanton, Ohio," but neither signed nor sworn to by anyone, is not such a return as is required by section 239 of the Revenue Act of 1918, and the filing of such document did not start from that date the running of the statute of limitation of five years.

*Herbert W. Nauts, Esq.*, for the petitioner.
*Arthur H. Murray, Esq.*, for the respondent.

The Commissioner determined a deficiency of $963.34 in respect of the income and profits tax of the petitioner for the calendar year 1918. Petitioner assigns as error that " the assessment of an additional tax for the year 1918 is barred by the statute of limitation," and in its statement of facts in its petition states that it had not at any time consented in writing, or otherwise, to the determination and assessment of a tax for the year 1918 after five years from the date on which it claims to have filed a return. Petitioner also assigns as error that the Commissioner had failed to include an item of $25,000 in invested capital for the year 1918, but this error was withdrawn at the hearing. The facts are found as stipulated.

FINDINGS OF FACT.

On or about March 14, 1919, the Pilliod Lumber Co. executed and filed with the collector of internal revenue for the tenth district of Ohio a tentative return and estimate of its corporation income and profits taxes for the calendar year ending December 31, 1918.

Said tentative return signed and sworn to by L. N. Pilliod, president, and T. J. Pilliod, treasurer, on March 14, 1919, was entitled " Tentative Return and Estimate of Corporation Income and Profits Taxes and Request for Extension of Time for Filing Return " and contains the following:

COLLECTOR OF INTERNAL REVENUE,
*Toledo, Ohio:*

The amount stated below is remitted herewith in payment of not less than one-fourth of the estimated amount of the income, war-profits, and excess-profits taxes for the year ended December 31, 1918, of the corporation whose name and address appear at the head of this form.

An extension of 45 days in the time allowed for filing a completed return is requested.

It is not possible to file a completed return on or before March 15, 1919, for the following reasons:

Unable to execute and file a complete return.

Estimated amount of tax, $4,000; amount of remittance herewith, $1,000.

On May 31, 1919, the Pilliod Lumber Co. filed with the collector of internal revenue of the tenth district of Ohio, Form No. 1120.

The Form 1120 was a document on which was printed "Corporation Income and Profits Tax Return for Calendar Year 1918" and beneath this title there appeared in typewriting the following:

The Pilliod Lumber Co.,
Swanton, Ohio.

This document contained various statements and figures purporting to show gross income, deductions, and credits, and net income and invested capital; it also contained various itemized schedules and a statement purporting to show assets and liabilities as of December 31, 1918. This document was neither signed nor sworn to by any one.

On December 8, 1921, an investigation of the tax liability of the Pilliod Lumber Co. for the year 1918 was commenced by John T. Gately, an agent of the Internal Revenue Bureau, during the course of which the petitioner's books and records were duly examined by such agent, who completed his investigation on December 13, 1921. The revenue agent made a written report of his investigation to the Commissioner of Internal Revenue, a copy of which report was transmitted to the petitioner. This report is an audit of the books and records of the petitioner by the revenue agent for the years 1917, 1918, and 1919.

On September 17, 1923, at the request of the Commissioner of Internal Revenue, the president and treasurer of the petitioner executed an affidavit which is as follows:

We, the undersigned, hereby affirm that our names should have appeared on our Income Tax Return for 1918, and which to the best of our knowledge and belief, is correct. We are unable to furnish duplicate signed report, being unable to locate copy, believing same to have been destroyed with other records.

Sworn to and subscribed before me this 17th day of Sept. 1923.

O. M. BRASLEY, *Notary Public.*
L. N. PILLIOD, *President.*
T. J. PILLIOD, *Treasurer.*

On October 23, 1925, the Commissioner mailed to petitioner notice of his determination of a deficiency in respect to the income and excess-profits tax of petitioner for the year 1918, in the amount of $963.34.

OPINION.

LITTLETON: Section 239 of the Revenue Act of 1918 provides:

That every corporation subject to taxation under this title and every personal service corporation shall make a return, stating specifically the items of its

gross income and the deductions and credits allowed by this title. The return shall be sworn to by the president, vice president, or other principal officer and by the treasurer or assistant treasurer.

The paper filed by the petitioner on March 14, 1919, in the nature of a request for an extension of time for filing a complete return and termed a " tentative return " was certainly not such a return as the statute required. *Dallas Brass & Copper Co.*, 3 B. T. A. 856; *Boston Hide & Leather Co.*, 5 B. T. A. 617; *Matteawan Manufacturing Co.*, 4 B. T. A. 953.

Was the document designated Form 1120 filed by petitioner on May 31, 1919, the return required by the statute?

The document in question was neither signed nor sworn to by any one. There is no provision of law authorizing the Commissioner to waive either the oath or the signatures required by the statute. That the Commissioner considered the document filed with the collector on May 31, 1919, at the top of the first page of which was typewritten the name of the petitioner as not being the return required by the statute, is evidenced by the fact that he called the attention of the company to the matter and a request was made for a sworn statement of the officers touching the subject.

The signatures and oath of the proper parties to a corporate return are not mere empty forms. The purpose is to fix responsibility. *Bell Lumber Co.*, 2 B. T. A. 564; *Gutterman Strauss Co.*, 2 B. T. A. 433. Congress evidently intended when requiring that returns be signed and sworn to, that such signatures and oath should have an important bearing upon the determination of the rights of the taxpayer and the Government.

The affidavit made at the request of the Commissioner on September 17, 1923, is a sworn acknowledgment of the return as required by law.

Under the circumstances, as shown by the evidence in this case, the Board is of the opinion that the Form 1120, filed May 31, 1919, now claimed as a proper income-tax return for the year 1918, was not at that time such a return as the Revenue Act of 1918 required should be made and filed. *Updike* v. *United States*, 8 Fed. (2d) 913.

The petitioner cites and relies on the case of *Emmich* v. *United States*, 298 Fed. 5, as sustaining the proposition that a return may be such within the meaning of the statute, although not sworn to.

From a careful reading of that case, it will be seen that the defendant was convicted under a count in the indictment charging him with " knowingly, willfully and feloniously attempting to defeat and evade the tax imposed by the Revenue Act of 1921 " by knowingly, willfully and feloniously making a return of income far less than the amount of which he was actually the recipient. The gist of the offense was defendant's attempt to evade and defeat the tax imposed, to

deceive and defraud the Government by making false and deceptive statements in the return or paper he filed as such. Such attempt or purpose on his part might be effective, if the paper was accepted by the collector as true, whether sworn to or not. There was no question but that Emmich signed the return and there was some evidence that it was sworn to.

It is stated in the opinion of the court that "in the first place there is some testimony in the record which would indicate, if believed, that the return was sworn to, and, as has already been explained, it is the province of the jury to determine what weight should be given to the evidence."

The Board is of the opinion in this case that the statute of limitation did not begin to run more than five years before October 23, 1925, and hence would not now operate as a bar to the proposed tax assessment.

The Board, therefore, determines that there is a deficiency of $963.34 in respect of the tax of this petitioner for the calendar year 1918.

*Judgment will be entered for the respondent.*