Charles L. Kotovic v. Commissioner.
Kotovic v. Commissioner
Docket No. 66517.
United States Tax Court
T.C. Memo 1959-177; 1959 Tax Ct. Memo LEXIS 71; 18 T.C.M. (CCH) 785; T.C.M. (RIA) 59177; September 21, 1959
Chester J. Niebler, Esq., 744 North 4th Street, Milwaukee, Wis., for the petitioner. William J. Wise, Esq., for the respondent. WITHEY
Memorandum Findings of Fact and Opinion WITHEY, Judge: *72 The Commissioner has determined a deficiency in the income tax of petitioner for the year 1952 in the amount of $2,110.22. The only issue before us is whether petitioner has filed a joint return with his wife for that year. Findings of Fact Such facts as have been stipulated are found accordingly. Petitioner timely filed his individual separate income tax return for the calendar year 1952 with the then collector of internal revenue at Milwaukee, Wisconsin. During that year by an interlocutory judgment or decree of the Circuit Court for Milwaukee County, Wisconsin, he was divorced absolutely from his wife Marguerite. The judgment of divorce was dated October 15, 1952, its interlocutory period being for one year from that date during which time, by its terms, the marital status of the parties remained unaltered. Petitioner's return was audited by respondent's agent and certain resulting adjustments were made which were agreed to in written form (Form 870) by petitioner on November 23, 1955. During the course of the audit, negotiations took place leading to petitioner's ultimate agreement with adjustments made by respondent's agent. During the course of such negotiations petitioner *73 made repeated offers to file a joint return with his wife. The agent refused to accept such a return and prepared his Form 870 for petitioner's signature on the basis of his separate return. As drawn petitioner refused to sign the form. Thereafter the agent prepared two Forms 870, one reflecting the adjustments to which petitioner agreed and the other reflecting also the amount by which petitioner's adjusted separate return exceeded in tax his proposed joint return. The former he signed, the latter he refused to sign; hence the issue is before us. Opinion On the basis of the above facts petitioner contends he has complied with section 51(g) of the Internal Revenue Code of 1939, and that his offers to file a joint return, made during the audit negotiations prior to the expiration of 3 years from the date prescribed by law for filing a return for 1952, coupled with the action of respondent's agent in computing his income tax for that year on both a separate and a joint return basis, constitute the filing of a timely joint return. He did not physically prepare or file with the collector or director of internal revenue for his district any paper purporting to be a joint income tax *74 return for himself and his wife for the calendar year 1952 until March 14, 1957, 4 years subsequent to the date prescribed by law for the filing of his 1952 return. Rather obviously, we think, petitioner's position here is untenable. Section 51(g)(1)[1] permits the filing of joint returns by taxpayers where separate timely individual returns have been filed. It is remedial legislation passed by Congress as a matter of legislative grace. Section 51(g)(3)[2] sets forth the statutory conditions which must be met in order that a taxpayer may obtain the advantage of the remedy. It must be strictly adhered to in filing a joint return after the filing of a timely separate return. Where Congress has prescribed a method whereby a remedy may be availed of, only Congress can change the method. J. E. Riley Inv. Co. v. Commissioner, (C.A. 9) 110 F. 2d 655, affirming a Memorandum Opinion of this Court [May 10, 1939], affd. 311 U.S. 55. *75 Respondent raises here no issue with respect to petitioner's marital status during the year at issue. Section 51(a) provides generally for the making of a return "which shall contain or be verified by a written declaration that it is made under the penalties of perjury." It is difficult for us to understand how any but a written disclosure of the factors whereby net taxable income can be computed could practically be verified by a written declaration that (the disclosure) is made under the penalty of perjury. The courts have consistently held that section 51(a) must be complied with strictly in this respect and that failure to do so renders even a written but unsigned or unverified document, otherwise a return, a nullity. Lucas v. Pilliod Lumber Co., 281 U.S. 245, affirming 7 B.T.A. 591; Roy Dixon, 28 T.C. 338. The verification of the return and the method thereof are mandatory. Roy Dixon, supra. Assuming, arguendo, petitioner had prepared a statutorily sufficient joint return within the time prescribed by law, did he file the same within the meaning of section 53(b)(1). That section mandatorily requires the filing of the *76 return with "the collector for the district in which is located the legal residence or the principal place of business of the person making the return." Petitioner's legal residence and place of business would require that he file his return, either separate or joint, with the collector for the district of Milwaukee. Even under his theory of the case he did not so file a joint return for 1952. At best it can be said only that, assuming what he did constituted a filing, it was made to the agent of the Commissioner of Internal Revenue not to the local collector. Under Ardbern Co., Ltd., 41 B.T.A. 910; O'Bryan Brothers, 42 B.T.A. 18, affd. (C.A. 6) 127 F. 2d 645; and numerous other such cases, filing a return with the Commissioner is not compliance with the law and is fatal to petitioner's position. Petitioner complains that, due to the auditing agent's refusal to accept a joint return, to hold that he was nevertheless bound to prepare and file one would be requiring of him a meaningless act. However, it is clear to us that under section 53(b)(1) the official therein designated would have no right or authority to refuse to accept for filing the *77 joint return here in question and petitioner's admitted failure so to file the joint return on or before March 15, 1956, requires our decision for respondent. Decision will be entered for the respondent. Footnotes
1. SEC. 51. INDIVIDUAL RETURNS. * * *
(g) Joint Return After Filing Separate Return. - (1) In general. - If an individual has filed a separate return for a taxable year for which a joint return could have been made by him and his spouse under subsection (b) of this section, and the time prescribed by law for filing the return for such taxable year has expired, such individual and his spouse may nevertheless make a joint return for such taxable year. A joint return filed by the husband and wife in such a case shall constitute the return of the husband and wife for such taxable year, and all payments, credits, refunds, or other repayments made or allowed with respect to the separate return of either spouse for such taxable year shall be taken into account in determining the extent to which the tax based upon the joint return has been paid. ↩
2. SEC. 51. INDIVIDUAL RETURNS. * * *
(g) Joint Return After Filing Separate Return. - * * *
(3) Time for making joint return. - A joint return cannot be made under paragraph (1) - (A) after the expiration of three years from the last date prescribed by law for filing the return for such taxable year (determined without regard to any extension of time granted to either spouse); (B) after there has been mailed to either spouse, with respect to such taxable year, a notice of deficiency under section 272(a), if the spouse, as to such notice, files a petition with The Tax Court of the United States within the time prescribed in such section: (C) after either spouse has commenced a suit in any court for the recovery of any part of the tax for such taxable year; or (D) after either spouse has entered into a closing agreement under section 3760 with respect to such taxable year, or after any civil or criminal case arising against either spouse with respect to such taxable year has been compromised under section 3761.↩