GEORGE M. WALSH ET AL., ADMINISTRATORS, V. JOHN L. LUNNEY.

FILED DECEMBER 20, 1905.    No. 14,055.

1. **Contracts: MERGER.** Before one contract is merged in another and superseded thereby, the last contract must be between the same parties as the first, and must embrace the same subject matter, and must have been so intended by the parties.
2. **Evidence examined, and** *held* **sufficient to sustain the judgment.**

ERROR to the district court for York county: ARTHUR J. EVANS, JUDGE. *Affirmed.*

*Landis & Schick, Halleck F. Rose* and *France & France,* for plaintiff in error.

*Meeker & Wray, contra.*

OLDHAM, C.

This was an action by the administrators of the estate of Homan J. Walsh, deceased, upon a promissory note made and executed by defendant, John L. Lunney, in the year 1895. There were numerous defenses pleaded to the note. The material one, however, was that of accord and satisfaction, and this was the only defense that was submitted to the jury. There was a verdict for the defendant and judgment on the verdict, and to reverse this judgment plaintiffs bring error to this court. No objections to the admission or exclusion of testimony, or to the action of the trial court in giving and refusing instructions, are called to our attention in the brief of the plaintiffs in error. It is urged, however, that the evidence is not sufficient to sustain the judgment, and to this allegation alone will our attention be directed.

In support of the plea of accord and satisfaction, defendant introduced testimony tending to show that sometime after the note in suit was past due, Homan J. Walsh, the deceased payee, agreed with the defendant that, if de-

25

fendant would farm an eighty-acre tract of land owned by the deceased for the years 1896 and 1897, and give the deceased one-third of the crops raised on the land as rent, and apply one-half of the remainder of the crops, so raised, on the note, and permit the deceased to enter credit on the note for a sum agreed upon, which deceased owed defendant for the care and keeping of a colt, he would surrender the note for such consideration. It clearly appears from plaintiff's testimony that he farmed the eighty acres of land during the season of 1896 under this agreement, and delivered to the deceased two-thirds of the crop raised on the land for that year. It appears further from the testimony that early in the year 1897 the deceased had conveyed the land, which defendant was farming, to his brother, George M. Walsh, and that after the land had been so conveyed the defendant and George M. Walsh entered into a written lease for the farming of the land during the season of 1897. This lease contained, among others, the following stipulation, by which defendant Lunney agreed to pay as rental for the land "one-third of all crops raised; also one-half of his two-thirds of crop, which I agree to apply on my note payable to Homan J. Walsh, and if the one-third which is my portion should exceed, at the time of sale, an amount which will over-pay amount due Walsh on my note held my him, the excess shall be paid to Lunney."

The contention of the plaintiff is that this subsequent written agreement with George M. Walsh superseded the original oral agreement with Homan J. Walsh, and that by this subsequent written agreement the value of the one-third of the crop raised on the land was to be applied on the note as part payment thereon, and not in satisfaction of the note. Acting on this theory, he indorsed the value of one-third of the crop for the years 1896 and 1897 as credits on the note, as well as the agreed price for the keeping of the colt, and brought this action for the balance still due. The court, however, submitted the question as one of fact to the jury to determine whether or

not the stipulation in the written contract with George M. Walsh was intended by the parties as a new contract, or merely as a supplement to the original oral contract entered into between defendant and Homan J. Walsh. Evidence was admitted without objection tending to show that defendant refused to execute the new contract until he was assured by Homan J. Walsh that it would in nowise interfere with the original contract. Now, the rule is well settled that, before one contract is merged in another and superseded thereby, the last contract must be between the same p rties as the first, and must embrace the same subject matter, and must have been so intended by the parties. In *Uhlig v. Barnum*, 43 Neb. 584, it is said:

"A new contract with reference to the subject matter of a former one does not supersede the former and destroy its obligations, except in so far as the new one is inconsistent therewith, when it is evident from an inspection of the contracts and from an examination of the circumstances that the parties did not intend the new contract to supersede the old, but intended it as supplementary thereto."

We think that under this rule the intention of the parties as to the effect of this subsequent written agreement on the original oral agreement was properly submitted as a question of fact for the determination of the jury. We therefore conclude that there was competent evidence in the record to sustain the judgment, and we recommend that the judgment of the district court be affirmed.

AMES and LETTON, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is

AFFIRMED.