BECK ENGRAVING CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 13037.    Promulgated October 21, 1927.

Petitioner kept its books on the basis of a fiscal year ending April 30. On June 9, 1919, it filed a return for the calendar year 1918, and on or about October 26, 1920, a return for the fiscal year ended April 30, 1919. Alleged conditional consents were filed extending the time for making assessment for said fiscal year to December 31, 1926. *Held,* that on February 2, 1926, the assessment of additional tax for the portion of the fiscal year 1919, falling in the year 1918 was not barred by the statute of limitations as extended by the waivers.

*K. N. Parkinson, Esq.,* for the petitioner.
*J. F. Greaney, Esq.,* for the respondent.

This proceeding arises from the respondent's determination of a deficiency of $55,985.22 for the fiscal year ended April 30, 1919, and a deficiency of $17,349.34 for the calendar year 1920. The petitioner disputes the correctness of respondent's determination only with respect to the fiscal year ended April 30, 1919.

### FINDINGS OF FACT.

Petitioner is a Pennsylvania corporation organized in 1903. At the hearing the parties submitted the case for redetermination upon an agreed stipulation of facts reading as follows:

The petitioner, for all years up to and including 1919, kept its books on the basis of a fiscal year ending April 30th of each year. On December 31, 1919, petitioner again closed its books, and its books were closed on a calendar year basis thereafter.

For all years prior to and including 1919, petitioner filed its tax returns on a calendar year basis. In arriving at its income for a calendar year, petitioner used the following method: Sales, purchases and expenses, were taken from the books for the calendar year, while in computing cost of goods sold, inventories, as of the ending of the previous fiscal year were used.

For the taxable year 1918 petitioner filed a tentative return, on or about March 12, 1919, and a return on Form 1120 on or about June 9, 1919, covering the calendar year. Following an examination and report by a revenue agent, of the Bureau of Internal Revenue, it was decided by the Commissioner that the most equitable method of adjustment would be to work up the income on a fiscal year basis, compute the tax in the same manner, making corrected balance sheets as of the fiscal closing dates and prorate the tax on a calendar year basis, i. e., the tax, at 1917 rates, was computed on the income for the year ended April 30, 1917, and also for the year ended April 30, 1918. Then one third of the tax found to be due for the former year was added to two thirds of the tax due for the latter year, the result being the tax due for the calendar year. The tax was then computed for the period from January 1, 1918, to April 30, 1918, and a return was made up for the fiscal year ended April 30, 1919. A computation was then made for the period from May 1, 1919, to December 31, 1919, beginning with which date the books of account were properly kept on a calendar year basis. It is admitted by the petitioner that no part of taxable income has been subjected to tax more than once as a result of the computation employed by the Commissioner.

The petitioner filed returns for the fiscal year ended April 30, 1919, on or about October 26, 1920, to coincide with the new basis suggested by the revenue agent and approved by the Commissioner. In this manner, the return filed for the year ended April 30, 1919, included eight months which had been covered by the return filed for the calendar year 1918.

In the returns originally filed on a calendar year basis, wherein the fiscal year ended April 30, inventories were used, petitioner included, in the aggregate, all taxable income up to and including December 31, 1919, except as to certain adjustments for depreciation, etc., which were found necessary in the routine audit of the returns. In other words, the deficiency does not arise by reason of the intentional or unintentional omission of any income due to the difference in the basis of reporting. The adjustments to aggregate income which were made in the audit would have been made on either basis.

On January 8, 1925, the Commissioner proposed to assess $55,985.22 additional taxes for the fiscal year ended April 30, 1919. On February 4, 1925, petitioner protested the proposed assessment relying on the expiration of the statutory period of limitations. On February 11, 1925, the Commissioner denied that the statutory period had expired and stated that unless a waiver was filed within ten days the additional taxes would be assessed. Before filing said waiver, however, the petitioner's representative discussed the case with a representative of the Commissioner and as a result of such conference a waiver, accompanied by a letter dated February 20, 1925, was forwarded to the Commissioner, and both of which in photostatic form are submitted herewith as petitioner's exhibits 1 and 2. Another waiver, dated December 10, 1925, was filed with the Commissioner, covering the fiscal year ended April 30, 1919, a photostatic copy of which is made a part hereof and identified as petitioner's exhibit "3." Said waiver was qualified in manner and form as is evidenced on the face thereof.

The parties agree that the issue before the Board to be decided is whether the statute of limitations prevents the assessment of the additional tax proposed for the entire fiscal year ended April 30, 1919, the petitioner having filed a return for the calendar year 1918 on June 9, 1919, which included eight months of the twelve-month period included in the return for the fiscal year ended April 30, 1919, filed on or about October 26, 1920. The petitioner admits its liability for additional taxes for the period in question, to the extent only of the amount computed at rates in effect beginning January 1, 1919, in amount $10,763.00. The remaining amount of $45,222.22 should be apportioned to the period beginning May 1, 1918, and ending December 31, 1918, this being the amount arrived at by use of the rates in effect for that period.

The petitioner contends, that having filed a return on or about June 9, 1919, for the twelve months ended December 31, 1918, and such return having been outlawed, on or about June 9, 1924, no tax can be assessed or collected for any period ending prior to January 1, 1919.

A second issue may be stated as follows: If the assessment of additional tax for the portion of the fiscal year 1919, falling in the year 1918 was barred on January 8, 1925, the date when the Commissioner sent out a thirty-day letter, did the filing of a waiver, in manner and form as alleged, on February 20, 1925 (see petitioner's exhibits 1 and 2), tend to reopen and extend such period?

Exhibit 1 accompanying the stipulation is as follows:

IT : CA : 2227–11

FEB. 20TH, 1925.

INCOME AND PROFITS TAX WAIVER

(For taxable years ended prior to March 1, 1921)

In pursuance of the provisions of existing Internal Revenue Laws, Beck Engraving Co., a taxpayer of Philadelphia, Pa., and the Commissioner of Internal Revenue hereby waive the time prescribed by law for making any assessment of the amount of income, excess-profits, or war-profits taxes due under any return made by or on behalf of said taxpayer for the fiscal year ended April 30, 1919 under existing revenue acts, or under prior revenue acts. This waiver of the time for making any assessment as aforesaid shall remain in effect until December 31, 1925, and shall then expire except that if a notice of a deficiency in tax is sent to said taxpayer by registered mail before said

date and (1) no appeal is filed therefrom with the United States Board of Tax Appeals then said date shall be extended sixty days, or (2) if an appeal is filed with said Board then said date shall be extended by the number of days between the date of mailing of said notice of deficiency and the date of final decision by said Board.

(Signed)     THE BECK ENGRAVING CO. INC.,
*Taxpayer.*

By CHAS. W. BECK, JR.,
*Treasurer.*

D. H. BLAIR,
*Commissioner.*

If this waiver is executed on behalf of a corporation, it must be signed by such officer or officers of the corporation as are empowered under the laws of the State in which the corporation is located to sign for the corporation, in addition to which, the seal, if any, of the corporation must be affixed.

[SEAL.]

The aforementioned consent was accompanied by letter of transmittal of even date addressed to the Commissioner of Internal Revenue, Washington, D. C., as follows:

FEBRUARY 20, 1925.

SIR: In accordance with the request created in the Commissioner's letter of January 8th, 1925, file No. IT: CA: 2227–11, we submit herewith waiver for the fiscal year ended April 30, 1919. This waiver is submitted solely because requested by the Department and the undersigned taxpayer reserves all rights it may have which may later, upon competent authority be found to be in existence at this date.

Very truly yours,

BECK ENGRAVING COMPANY.

PCR: HB

Exhibit 3 accompanying stipulation is as follows:

IT: E: SM
MEP–B–23584–10

INCOME AND PROFITS TAX WAIVER FOR TAXABLE YEARS ENDED PRIOR TO JANUARY 1, 1922

DECEMBER 10, 1925.

In pursuance of the provisions of existing Internal Revenue Laws Beck Engraving Company, a taxpayer of Philadelphia, Pa., and the Commissioner of Internal Revenue hereby waive the time prescribed by law for making any assessment of the amount of income, excess-profits, or war-profits taxes due under any return made by or on behalf of said taxpayer for the fiscal year ended April 30, 1919, under existing revenue acts, or under prior revenue acts.

This waiver of the time for making any assessment as aforesaid shall remain in effect until December 31, 1926, and shall then expire except that if a notice of a deficiency in tax is sent to said taxpayer by registered mail before said date and (1) no appeal is filed therefrom with the United States Board of Tax Appeals then said date shall be extended sixty days, or (2) if an appeal

is filed with said Board then said date shall be extended by the number of days between the date of mailing of said notice of deficiency and the date of final decision by said Board.

THE BECK ENGRAVING CO., INC.,

*Taxpayer.*

Taxpayer reserves all rights in existence at date hereof.

[SEAL.]                          (Sgd.)          CHAS. W. BECK, JR.,

D. H. BLAIR,

*Commissioner.*

If this waiver is executed on behalf of a corporation, it must be signed by such officer or officers of the corporation as are empowered under the laws of the State in which the corporation is located to sign for the corporation, in addition to which, the seal, if any, of the corporation must be affixed.

The notice of deficiency was mailed to the petitioner on February 2, 1926.

### OPINION.

MORRIS: With respect to the fiscal year ended April 30, 1919, and the deficiency determined for the same, the petitioner asserts that the statute of limitations constitutes a bar to the assessment or collection of the tax for any period ending prior to January 1, 1919, and therefore $45,222.22 of the deficiency asserted can not be assessed or collected. Petitioner admits the correctness of the remainder of the deficiency and does not contest the respondent's determination as to the calendar year 1920.

The proceeding raises a question of law, the determination of which necessarily involves a consideration of the various returns filed by the petitioner, the time of filing of said returns, and the application of the statute of limitations to the return which is held to be the one required by law. The petitioner filed three returns covering a part or all of the period here involved, only one of which can be the statutory return. The tentative return which was filed on or about March 12, 1919, for the calendar year 1918 can be eliminated from consideration in view of our decision in the *Appeal of Dallas Brass & Copper Co.*, 3 B. T. A. 856, wherein we held that such a return was not the return required by law.

As to the remaining two returns, we are of the opinion that the return filed on or about October 26, 1920, for the fiscal year ended April 30, 1919, is the statutory return and that the statute of limitations begins to run from that date. This is true because the statute provides by section 212 (b) of the Revenue Act of 1918 that "the net income shall be computed upon the basis of the taxpayer's annual accounting period (fiscal year or calendar year, as the case may be) in accordance with the method of accounting regularly employed in

keeping the books of such taxpayer * * *." Petitioner therefore had no authority and was in error when it filed returns on a calendar year basis while keeping its books on a fiscal year basis.

The period of limitation upon assessments under the provisions of the Revenue Act of 1918 is contained in section 277 (a) (2) of the Revenue Act of 1924, as follows:

> (2) The amount of income, excess-profits, and war-profits taxes imposed by * * *, the Revenue Act of 1918, * * * shall be assessed within five years after the return was filed, and no proceeding in court for the collection of such taxes shall be begun after the expiration of such period.

Section 277 (a) (3) of the 1926 Act is to the same effect, and it follows accordingly that the bar to the assessment would operate after October 26, 1925.

It is provided, however, by the revenue laws, beginning with section 250 (d) of the Revenue Act of 1921, that the period within which taxes may be assessed can be extended by an agreement between the taxpayer and the Commissioner evidenced by a writing. In pursuance of this authority the Commissioner submitted a consent form to the petitioner which was executed by the latter on February 20, 1925, whereby the time for making an assessment was extended until December 31, 1925. Subsequently the parties executed a second consent on December 10, 1925, which extended the time for making an assessment to December 31, 1926. Petitioner accompanied the form executed February 20, 1925, with a letter of transmittal wherein in a broad and general statement it attempted to reserve all rights which it might have had at the time of signing the consent. The second consent carries on its face a similar reservation which states " taxpayer reserves all rights in existence at date hereof."

Having decided that the statute of limitations on the entire fiscal year ended April 30, 1919, began to run on or about October 26, 1920, it is unnecessary to consider the second issue presented, whether, if the assessment of additional tax for the portion of the fiscal year 1919, falling in the year 1919 was barred on January 8, 1925, the filing of the consents set out in the findings of fact, tended to reopen and extend such period.

It follows, therefore, that on February 2, 1926, the statutory period within which taxes may be assessed against the petitioner for the fiscal year ended April 30, 1919, as extended by the consents, had not expired. Cf. *Appeal of Davis Feed Co.*, 2 B. T. A. 616.

Reviewed by the Board.

*Judgment will be entered for the respondent.*