SUNSHINE CLOAK & SUIT CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 11810. Promulgated February 23, 1928.

*Albert E. James, Esq.*, for the petitioner.
*Arthur H. Murray, Esq.*, for the respondent.

OPINION.

TRAMMELL: The issue raised by the petitioner's amended petition is as follows: Whether the collection of the deficiency for the fiscal year ended November 30, 1918, in the amount of $20,047.39 is barred from collection by the statute of limitations.

The position of the petitioner, as stated by its counsel in his brief, is, briefly, as follows:

The second provision of section 278 (d) of the Revenue Act of 1926 permits collection of a deficiency only "prior to the expiration of any period for collection agreed upon in writing by the Commissioner and the taxpayer."

In considering the question presented it becomes necessary to examine the various provisions of the revenue acts dealing with the assessment and collection of income and profits taxes, the pertinent provisions of which are as follows:

Section 250 (d) of the Revenue Act of 1921:

(d) The amount of income, excess-profits, or war-profits taxes * * * due under any return made under this Act for prior taxable years or under prior income, excess-profits, or war-profits tax Acts, * * * shall be determined and assessed within five years after the return was filed, unless both the Commissioner and the taxpayer consent in writing to a later determination, assessment, and collection of the tax; and no suit or proceeding for the collection of any such taxes due under this Act or under prior income, excess-profits, or war-profits tax Acts, * * * shall be begun, after the expiration of five years after the date when such return was filed, but this shall not affect suits or proceedings begun at the time of the passage of this Act: * * *

Section 277 (a) (2) of the Revenue Act of 1924:

(2) The amount of income, excess-profits, and war-profits taxes imposed by the Act entitled "An Act to provide revenue, equalize duties, and encourage the industries of the United States, and for other purposes," approved August 5, 1909, the Act entitled "An Act to reduce tariff duties and to provide revenue for

the Government, and for other purposes," approved October 3, 1913, the Revenue Act of 1916, the Revenue Act of 1917, the Revenue Act of 1918, and by any such Act as amended, shall be assessed within five years after the return was filed, and no proceeding in court for the collection of such taxes shall be begun after the expiration of such period.

## Section 278 (c) of the Revenue Act of 1924:

(c) Where both the Commissioner and the taxpayer have consented in writing to the assessment of the tax after the time prescribed in section 277 for its assessment the tax may be assessed at any time prior to the expiration of the period agreed upon.

## Section 278 (d) of the Revenue Act of 1924:

(d) Where the assessment of the tax is made within the period prescribed in section 277 or in this section, such tax may be collected by distraint or by a proceeding in court, begun within six years after the assessment of the tax. Nothing in this Act shall be construed as preventing the beginning, without assessment, of a proceeding in court for the collection of the tax at any time before the expiration of the period within which an assessment may be made.

Section 277 (a) (3) of the Revenue Act of 1926 is identical with section 277 (a) (2) of the Revenue Act of 1924, and is accordingly not quoted.

Section 277 (a) (2) of the Revenue Act of 1926 is the same as section 277 (a) (2) of the Revenue Act of 1924, except that the words " without assessment " are added after the word " court," and is accordingly not here quoted.

Section 278 (c) of the Revenue Act of 1926 is identical with section 278 (c) of the Revenue Act of 1924, and is accordingly not here quoted.

## Section 278 (d) of the Revenue Act of 1926:

(d) Where the assessment of any income, excess-profits, or war-profits tax imposed by this title or by prior Act of Congress has been made (whether before or after the enactment of this Act) within the statutory period of limitation properly applicable thereto, such tax may be collected by distraint or by a proceeding in court (begun before or after the enactment of this Act), but only if begun (1) within six years after the assessment of the tax, or (2) prior to the expiration of any period for collection agreed upon in writing by the Commissioner and the taxpayer.

The first question to be decided is what is meant by " the statutory period of limitations properly applicable thereto." If the assessment is made within that period, then the tax can be collected within six years thereafter, unless its collection is prohibited by the last phrase of section 278 (d) of the 1926 Act which is as follows:

Or (2) prior to the expiration of any period for collection agreed upon in writing by the Commissioner and the taxpayer.

In our opinion the expression " statutory period of limitations properly applicable thereto " refers not only to the five-year period

contained in section 277 (a) (3) of the 1926 Act, or section 277 (a) (2) of the 1924 Act, but also to the period of extension provided in section 250 (d) of the Revenue Act of 1921 and sections 278 (c) of the 1924 and 1926 Acts. The extension of the period within which assessment might be made by consent in writing is as much a part of the statutory period for assessment as any other period mentioned in the statute. The real question is, Had the period within which assessment could be legally made expired? If it had not, then the tax could be assessed and if timely assessed, then the statute allowed six years from that time within which the collection could be made, unless the period in writing agreed upon by the Commissioner and the taxpayer, as provided in section 278 (d) of the 1926 Act, deprived the Commissioner of the right of collection.

The first consent agreement was executed on February 12, 1924. This extended the time for the determination, assessment and collection of the amount of income and profits taxes due for the year 1918 to June 15, 1925. Before the expiration of that period, that is, on January 19, 1925, another consent agreement was entered into between the petitioner and the respondent extending the time for the *assessment* of the amount of income or profits taxes due for 1918 until December 31, 1925, "except that if a notice of deficiency in tax is sent to said taxpayer by registered mail before said date and (1) no appeal is filed therefrom with the United States Board of Tax Appeals then said date shall be extended sixty days, or (2) if an appeal is filed with said Board then said date shall be extended by the number of days between the date of mailing of said notice of deficiency and the date of final decision by said Board."

Under date of December 12, 1925, the deficiency notice here involved was mailed to the petitioner asserting the deficiency which is in controversy.

On the date of the mailing of the deficiency notice, that is, on December 12, 1925, the consent agreement executed January 19, 1925, had not expired. It provided that the Commissioner should have until December 31, 1925, to make the assessment unless the appeal was filed with the Board and in that event until after the final decision of the Board.

The consent agreement of January 19, 1925, and the subsequent agreement which was made on March 3, 1926, did not contain any provision with respect to the collection of the deficiency after assessment. At the time of execution of those consent agreements, however, the Revenue Act of 1924 had been enacted, under the provisions of which the time for collection was extended for six years after the assessment of the tax. Since the statute had made provision for the collection of the tax after assessment, it was not necessary to have

the time for collection extended by agreement. The law, in effect at the time of the execution of the consent in writing dated January 19, 1925, and the one dated March 3, 1926, entered into and became a part of those agreements. *Von Hoffman* v. *City of Quincy*, 4 Wall. 535; *Rees* v. *City of Watertown*, 19 Wall. 107; *Edwards* v. *Kearsey*, 96 U. S. 595; *Serbert* v. *Lewis*, 122 U. S. 284.

Both parties to the written consents are presumed to have had a knowledge of the law as to the effect of their consent on collection of the tax after the statutory period had expired. If the tax were assessed pursuant to the written consent, the respondent, by specific statutory authority, had six years thereafter to collect the tax.

The consents in writing dated January 19, 1925, and March 3, 1926, made no reference to the time of collection but the statute supplied that omission. The statute extends the time for the collection of the tax six years after assessment, if the assessment is made within the statutory period prescribed in section 277, or as extended in section 278.

In the 1924 Revenue Act Congress provided in effect that after an assessment had been timely made, the tax could be collected within six years thereafter. It contained no exception with respect to agreements or consents for any period for collection. We can not add an exception omitted in the statute. *Armour Packing Co.* v. *United States*, 209 U. S. 56; *Yturbide* v. *United States*, 22 How. 290. In other words, the statute nullified from the date of its enactment any consents or agreements between the Commissioner and taxpayer wherein any other period for collection was specified. That Congress had such right and power is abundantly supported by authority. Contracts must be understood as made in reference to the possible exercise of the rightful authority of the Government and no obligation of a contract can extend to the defeat of legitimate governmental authority. *Knox* v. *Lee*, 12 Wall. 457; *Louisville & Nashville Railway Co.* v. *Mottley*, 219 U. S. 467.

That Congress had the right to extend the time for the collection of a tax timely assessed and computed in accordance with law in effect at the time of the passage of the Act, seems to us to be clear.

In the case of *Campbell* v. *Holt*, 115 U. S. 620, the United States Supreme Court said:

We certainly do not understand that a right to defeat a just debt by the statute of limitations is a vested right, so as to be beyond legislative power in a proper case. The statutes of limitation, as often asserted and especially by this court, are founded in public needs and public policy—are arbitrary enactments by the law-making power. *Tioga Railroad* v. *Blossburg and Corning Railroad*, 20 Wall. 137, 150. And other statutes, shortening the period or making it longer, which is necessary to its operation, have always been held

to be within the legislative power until the bar is complete. The right does not enter into or become a part of the contract. No man promises to pay money with any view to being released from that obligation by lapse of time. It violates no right of his, therefore, when the legislature says, time shall be no bar, though such was the law when the contract was made.

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

We are unable to see how a man can be said to have property in the bar of the statute as a defense to his promise to pay. In the most liberal extension of the use of the word property, to choses in action, to incorporeal rights, it is new to call the defense of lapse of time to the obligation to pay money, property. It is no natural right. It is the creation of unconventional law.

Before the right to collect the tax here involved had become barred by the statute, the Revenue Act of 1924 was enacted extending the time for collection to six years after assessment. The Revenue Act of 1926 was enacted while this period as extended was in effect.

It is argued, however, by the petitioner that, under the provisions of section 278 (d) of the Revenue Act of 1926, the tax can not be collected because it *had not* been assessed and the only consent agreement whereby the time for the collection of the tax was extended had expired; that since the period for the collection agreed upon in writing by the Commissioner and the taxpayer had expired, the agreements extending the time for the assessment of the tax were ineffectual in and of themselves.

The expression "assessment \* \* \* has been made" does not refer entirely to assessments made in the past and section 278 (d) is clearly not limited to such assessments except with respect to the collection. The assessment must have been made before the six-year period for collection as provided in section 278 (d) begins to run. Section 278 (d) provides that if the assessment *has been* made before or *after* the enactment of that Act (Revenue Act of 1926), the collection of the tax may be made within six years after the assessment. If section 278 (d) be held applicable only to taxes already assessed in the past, it would follow that "the period for collection agreed upon in writing" would also be applicable only to such taxes. The first clause of section 278 (d), that is, "when the assessment \* \* \* has been made," applies both to the collection within six years after assessment and the period agreed upon in writing. Construing the section to apply only to cases where assessment had already been made, there would be no provision for the collection of a tax which the statute specifically authorized to be assessed by section 278 (c). Section 278 (d) should be construed in connection with section 278 (c).

It is also our opinion that the second proviso of section 278 (d), that is, "prior to the expiration of any period for collection agreed upon in writing by the Commissioner and the taxpayer," was not intended to limit the time for collection to less than six years from

the date of the assessment. In our opinion, Congress did not by section 278 (d) (2) intend to shorten the period of limitation granted by subsection (1) of section 278 (d). Where the assessment *has been made* the statute allows six years for the collection. On page 42 of the conference report on the Revenue Bill of 1926 appears the following statement:

Amendment No. 85: This amendment rewrites in more definite language, and correcting clerical mistakes, subdivisions (d) and (c) of section 278 of the House bill, dealing with the time within which distraint or proceeding in court may be begun *after the assessment has been made.* The House recedes. (Italics ours.)

The Revenue Act of 1924 contained no provision for a consent agreement between the Commissioner and the taxpayer for an extension of the six-year period within which collection of a deficiency after assessment might be made, and it seems to us more logical to assume that the language of the second proviso of section 278 (d) was incorporated into the Revenue Act of 1926 to cover those cases where an assessment *had been made*, and where collection of the tax would be barred by the expiration of the six-year period for collection after assessment without consent in writing thereto, than to assume that Congress intended to bar the collection of a tax if it were timely assessed by a consent in writing for a shorter period than that allowed by statute for collection. The first proviso of section 278 (d) provides that where an assessment is made within the statutory period of limitations properly applicable thereto the tax may be collected "within six years after the assessment of the tax." Immediately following this language is the second proviso of section 278 (d), which provides:

* * * (2) prior to the expiration of any period for collection agreed upon in writing by the Commissioner and the taxpayer.

Reading these two provisions together, it is our opinion that the second proviso is not a limitation upon the six-year period for collection after assessment, but is to be read as permitting the collection of the deficiency after the statutory six-year period for collection, provided the Commissioner and the taxpayer consent in writing to such a later collection or to agreements made after the enactment of that Act. This view is, in our opinion, consistent with the long established principle that no officer of the Government has the right to waive a statute of limitations in favor of the United States. *Finn* v. *United States*, 123 U. S. 227; *De Aarhaud* v. *United States*, 151 U. S. 483; *Christie Street Commission Co.* v. *United States*, 129 U. S. 506.

If no officer of the Government can waive a statute of limitations in favor of the Government, the provision here involved should not

be construed to authorize an officer of the Government to shorten it against the Government when this would be equivalent to waiving it in other cases, unless the language is so clear and unambiguous as to permit of no other construction. The provision should be construed in the light of the long established principle.

We think that it is significant also that wherever any reference is made to consent in writing for the assessment of the tax in the 1921 Act, in the 1924 Act, and in other sections in the 1926 Act, then section 278 (d) (2) of the statute provides for extension of time after the time prescribed in the statute for the assessment, or assessment and collection, under the 1921 Act. Nowhere is reference made to a shortening of the period and we think the same kind of a consent is referred to in section 278 (d) except that it is made applicable to collection instead of assessment of the tax and that the provision "prior to the expiration of any period agreed upon in writing by the Commissioner and the taxpayer" should not be construed as shortening or limiting the period prescribed by statute.

In any event, the "period for collection agreed upon in writing" referred to in section 278 (d) of the Act would not be a limitation upon the six-year period provided in the same section when that agreement had been superseded by other agreements intended by the parties to take its place. A subsequent agreement, complete in itself, will supersede one made prior thereto by the same parties in relation to the same subject matter. *Housekeeper Pub. Co.* v. *Swift* (8 C. C. A), 87 Fed. 290; *Bundy* v. *Huntington*, 224 Fed. 847; *Herboth* v. *American Radiator Co.* (Mo.), 123 S. W. 533; *Orpheus Vaudeville Co.* v. *Clayton Inv. Co.* (Utah), 128 P. 575; *Walsh* v. *Lunney* (Neb.), 106 N. W. 447; *Runnion* v. *Morrison* (W. Va.), 76 S. E. 457.

In our opinion, the consents in writing made after the passage of the 1924 and 1926 Acts were intended to supersede and take the place of the consent in writing dated February 12, 1924. They were in no sense mere modifications or supplements to the former consent, but were separate and independent. Each extended the time for assessment for a definite period. The former extended the time for assessment and also for collection. Each was in effect but each expired by its own limitation. It was manifestly the intention of the parties that as one expired the later one would be effective to extend the time for the assessment and that into each consent should be read, as a part thereof, the law in effect at the time it was made. The first consent in writing dated February 24, 1924, then was not in effect after the second consent in writing became effective. The second consent was in effect when the deficiency notice was mailed, it having been made before the expiration of the time provided in the

first. It contained no provision as to collection, but the statute provided for the collection after assessment. The 1924 Act contained, as hereinabove stated, no exceptions with respect to collection of the tax, if timely assessed. The respondent acted upon, determined the deficiency and mailed the deficiency notice while the consent in writing dated January 19, 1925, was in effect, which consent was executed under the provisions of the 1924 Act. No consent in writing with respect to the *collection* of the tax was executed after the consent dated February 2, 1924, had been superseded by the other consent, and no such consent in writing was in effect either when the deficiency notice was mailed or at any time subsequent thereto.

In view of the foregoing, it is our opinion that the statute of limitations has not barred the collection of the deficiency here involved.

Reviewed by the Board.

> *Order will be entered restoring this proceeding to the calendar for assignment for hearing on the merits in due course.*

GREEN did not participate.

MARQUETTE, STERNHAGEN, MURDOCK, and SIEFKIN concur in the result.

PHILLIPS: While I concur in the conclusion reached, the prevailing opinion raises and purports to decide questions which are not here involved, which are of the utmost importance to many taxpayers, and upon which we are without the benefit of argument or brief. I prefer to withhold any expression of my own opinion thereon until such questions are properly presented.

MILLIKEN concurs in the above.