PASO ROBLES MERCANTILE CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 11655.   Promulgated June 22, 1928.

*Philip G. Sheehy, Esq.,* for the petitioner.
*A. H. Murray, Esq.,* for the respondent.

OPINION.

TRAMMELL: While the petitioner has included the years 1920 and 1922, there were no deficiencies asserted for those years and the proceeding is accordingly dismissed with respect thereto, leaving only the deficiency for 1919 and the so-called deficiency for 1921.

The first assignment of error urged by the petitioner is that at the time the additional assessment was made by the respondent for the fiscal year ended January 31, 1919, the statute of limitations had run, therefore, this was not only an illegal assessment, but also collection of any part of such assessment is now barred. No return was filed by the petitioner on a fiscal year basis for this fiscal year. The returns which reported the income includable in such a return were the returns for the calendar year 1918 and the calendar year 1919, the former being filed on April 14, 1919, and the latter on March 11, 1920. The assessment in question was made on March 10, 1925, at which time an abatement claim was filed for the entire amount. The respondent, on December 8, 1925, advised the petitioner that the foregoing abatement claim was being allowed in the

amount of $3,419.24 and rejected for the remainder, or $277.86. From this notice appeal was taken to the Board.

The petitioner contends that since the assessment was made on March 10, 1925, or more than five years from April 14, 1919, the date of the filing of the calendar year 1918 return, the respondent was barred by operation of the statute of limitations from making such assessment. The correctness of this position depends upon whether the statute of limitations began to run on the date assigned by the petitioner.

The petitioner relies upon the Board's decision in the *Appeal of Mabel Elevator Co.*, 2 B. T. A. 517, and the District Court's decision in *United States* v. *Mabel Elevator Co.*, 17 Fed. (2d) 109, wherein the court upheld the Board's position. The facts in that case are substantially as follows:

The taxpayer did not file a return for the five-month period beginning August 1, and ending December 31, 1917. On October 29, 1918, the taxpayer filed a return for the period August 1, 1917, to July 31, 1918. On April 21, 1919, after the passage of the 1918 Act, the taxpayer filed another return for the same period. On August 12, 1921, the taxpayer filed a so-called amended return for the same period.

On May 28, 1924, the taxpayer was instructed by the Commissioner to file returns for years subsequent to 1918 on the calendar year basis, and on September 25, 1924, the taxpayer was instructed to file a calendar year return for 1918 also. The Commissioner prepared a return for the taxpayer for the five-month period ended December 31, 1918.

The five-month period ended December 31, 1917, was included in the return which was filed on the fiscal year basis for the period from August 1, 1917, to July 31, 1918. The return filed purported to and did include the income of the taxpayer for the five-month period ended December 31, 1917. On this state of facts we held that the return for the fiscal year ended July 31, 1918, which was filed on October 29, 1918, started the running of the period of limitation set out in the statute.

Here we have a different situation. In this case the returns originally filed were on the calendar year basis. The calendar year return for 1918, which was filed on April 14, 1919, did not purport to and did not include all the income or cover all the period covered by the fiscal year return. The 1918 calendar year return included eleven months of the 1919 fiscal year. The month of January, 1919, which was included in the 1919 fiscal year return was not included in any return until the calendar year 1919 return was filed which was March 11, 1920. It was not until both returns were filed that the petitioner

purported to furnish complete information as to the income for the entire fiscal year 1919. In our opinion the statute of limitations does not begin to run until a return or returns have been filed which at least purport to cover or include the period involved. Where there are two returns which must be considered, each of which includes a part of the taxable year, the period of limitation must be considered as to both and the statute does not run until it expires as to both these returns. The facts in this case are clearly parallel to those in the case of *Beck Engraving Co.* v. *Commissioner*, 8 B. T. A. 897. In that case the petitioner kept its books on a fiscal year basis ended April 30. On June 9, 1919, it filed a return on the calendar year basis for 1918. On or about October 26, 1920, a return for the fiscal year ended April 30, 1919, was filed. We held that the return filed October 26, 1920, is the statutory return and started the running of the statute of limitations.

No allocation of a deficiency in tax can be made for the one-month period in 1919. Either the deficiency for the fiscal year 1919 is barred or no part of it is barred. We think that under the facts the deficiency for the fiscal year 1919 is not barred, although the income for eleven months of that fiscal year was reported in a return for the calendar year 1918. The statute then did not begin to run on the date of the filing of the 1918 calendar year return as contended by the petitioner. On March 10, 1925, the date of the assessment of the tax, the period of limitation for such assessment had not expired.

Since the tax was timely assessed, the respondent under the Revenue Act of 1924, which was in effect at the time of the assessment, had six years thereafter in which to collect the tax and he is not deprived of that right by the provisions of the Revenue Act of 1926. *Sunshine Cloak & Suit Co.*, 10 B. T. A. 971.

The deficiencies have been asserted on account of the method adopted by the respondent in crediting taxes paid for one period on the tax liability for another period.

The question to be decided is the extent to which the petitioner is entitled to credit against taxes shown due on a fiscal year basis on account of taxes which were assessed on returns which were erroneously filed on a calendar year basis. The petitioner kept its books on the basis of a fiscal year ended January 31, and therefore was required, under the provisions of section 212 (b) of the Revenue Acts of 1918 and 1921, to file its return on such basis. The petitioner, however, filed returns on a calendar year basis from 1918 to 1922, inclusive, and taxes were assessed on such returns. Later, amended returns were filed on a fiscal year basis from 1920 to 1922, inclusive. In order to determine whether deficiencies exist for the

various fiscal years on appeal, we must decide how the calendar year assessments are to be applied against the total tax shown due for the various fiscal years.

The respondent, in the notices which gave rise to this proceeding, determined the total tax assessable on the fiscal year basis, and then credited against such tax the taxes which were assessed on the return which was filed for the calendar year within which the respective fiscal years ended, a deficiency or overassessment being shown accordingly. On the other hand, the petitioner takes the position that the foregoing action is incorrect and that deficiencies or overassessments on the fiscal year basis should be determined by applying against the total tax assessable for each fiscal year eleven-twelfths of the tax assessed for the preceding calendar year and one-twelfth of the tax assessed for the calendar year within which the fiscal year ends.

The statute makes no provision with respect to the method of crediting taxes paid on returns filed on one basis when they should have been filed on another. The regulations of the Treasury Department are silent on the question. The Commissioner for a period used one method and subsequently changed to another. There are no decisions on the question. We are then left to considerations of reason and general principles.

In our opinion, a tax erroneously determined on a calendar year basis should be credited on the tax shown due on a fiscal year basis in proportion to the months in the respective calendar years making up the fiscal year. By this method eleven-twelfths of the tax shown on the basis of the calendar year 1920, for instance, should be credited to the fiscal year 1921, since eleven-twelfths of the calendar year 1920 is in the fiscal year 1921.

It is true that the income for a year is determined on an annual basis, but the Supreme Court has found no difficulty in prorating the earnings of the year in order to determine the amount thereof available for dividends at a particular period within the year. See *Edwards* v. *Douglas*, 269 U. S. 204; *Mason* v. *Routzahn*, 275 U. S. 175; 38 Sup. Ct. 50.

On the same principle we think that taxes might be prorated over the year in order to allocate to the respective periods of any calendar year a proportionate part thereof applicable to those periods when the tax paid on a calendar year basis is to be credited on the tax liability on a fiscal year basis.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*