WILLINGHAM LOAN & TRUST CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 18224.  Promulgated March 18, 1929.

*J. C. Murphy*, *Esq.*, and *C. R. Dawson*, *Esq.*, for the petitioner.
*A. S. Lisenby*, *Esq.*, for the respondent.

## OPINION.

TRUSSELL: The record of this action establishes the fact that during all the times herein referred to the petitioner had an established practice of keeping its accounts and closing its books on the basis of a fiscal year ending May 31 of each calendar year, although it had been equally consistent in making income-tax returns on the basis of calen-

dar years. Such calendar year returns were proper and lawful returns for all the years prior to the year 1918. The Revenue Act of 1918, however, required corporations to make income-tax returns upon the same basis on which their books of account were kept. Revenue Act of 1918, sections 212 (b) and 232. The petitioner should have changed its practice of making returns from the calendar year basis to its fiscal year basis when it made its returns for the year 1918, and, not having done so, the respondent properly required it to make such change for the periods here under consideration.

For the time included in its fiscal year ended May 31, 1920, the petitioner's calendar year returns were filed on March 13, 1920, and March 15, 1921. For the time included in its fiscal year ended May 31, 1921, the petitioner's calendar year returns were filed on March 15, 1921, and March 15, 1922. In the cases of *Paso Robles Mercantile Co.*, 12 B. T. A. 750, and *Lowenstein Bros. Garment Co.*, 13 B. T. A. 446, the Board has held that the statute of limitations began to run upon the date of the filing of the last calendar year return covering the period of time included in the respective fiscal years, and, applying the rule of those cases to the instant case, the period within which assessments might be made for the fiscal year ended May 31, 1920, would not begin to run until March 16, 1921, and for the period ended May 31, 1921, the statute would not begin to run until March 16, 1922. As to the first period, the five-year period of the statute of limitations (Act of 1918, section 250 (d) and Act of 1926, section 277 (a) (3)) would thus not expire until the close of the day of March 15, 1926, and as to the second fiscal period the four-year period of the statute of limitations (Act of 1921, section 250 (d) and Act of 1926, section 277 (a) (2)) would not expire until the close of the day of March 15, 1926. *Eliott National Bank* v. *Gill*, 210 Fed. 933, and the cases of *B. R. Weaver*, 4 B. T. A. 15; *Mrs. D. S. Smith*, 4 B. T. A. 385, and *Kellogg Commission Co.*, 6 B. T. A. 771. It thus appears that the jeopardy assessments made on March 15, 1926, were made within the statutory periods of limitation applicable to the several fiscal years involved in this action.

The jeopardy assessments involved in this case were made by the Commissioner on March 15, 1926, and pursuant to the provisions of section 279 (a) and (b) of that Act. These paragraphs of section 279 provide as follows:

(a) If the Commissioner believes that the assessment or collection of a deficiency will be jeopardized by delay, he shall immediately assess such deficiency (together with all interest, additional amounts, or additions to the tax provided for by law) and notice and demand shall be made by the collector for the payment thereof.

(b) If the jeopardy assessment is made before any notice in respect of the tax to which the jeopardy assessment relates has been mailed under subdivision

(a) of section 274, then the Commissioner shall mail a notice under such subdivision within 60 days after the making of the assessment.

The above quoted provisions of section 279 are in addition to and qualification of section 274 (a) of the same Act, and we are of the opinion that the making of the jeopardy assessments within the period of the applicable statutes of limitations, the sending of notice of such assessments within 60 days, and the appeals to the Board made within 60 days of the said notice, give the Board jurisdiction to redetermine the asserted deficiencies, and under the provisions of section 278 (d) of the Revenue Act of 1926 providing that—

Where the assessment of any income, excess-profits, or war-profits tax imposed by this title or by prior Act of Congress has been made (whether before or after the enactment of this Act) within the statutory period of limitation properly applicable thereto, such tax may be collected by distraint or by a proceeding in court (begun before or after the enactment of this Act), but only if begun (1) within six years after the assessment of the tax, or (2) prior to the expiration of any period for collection agreed upon in writing by the Commissioner and the taxpayer.

the deficiencies as redetermined by the Board may be collected at any time within six years from the date of the timely assessment.

Having found that the assessments here in question were made within the applicable periods of the statutes of limitations and that the Board has jurisdiction to redetermine such deficiencies, and the parties having agreed that the computation of such deficiencies has been correctly made, we must conclude that the deficiencies are as follows: for the fiscal year ended May 31, 1920, $2,887.95 and for the year ended May 31, 1921, $276.82.

*Judgment will be entered for the respondent.*