CHESAPEAKE & VIRGINIAN COAL CO., INC., PETITIONER, *v.* COMMIS-
SIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 11319.    Promulgated March 25, 1929.

*Dean H. Stanley, Esq.*, for the petitioner.
*Harold Allen, Esq.*, and *W. R. Lansford, Esq.*, for the respondent.

OPINION.

SMITH: In this proceeding the petitioner contends that the consent filed by it on June 6, 1925, did not provide for an extension of the time within which the Commissioner might institute suits or proceedings to collect an additional tax for 1918; that at the time the deficiency notice was mailed on December 2, 1925, the time within which suits or proceedings might have been instituted to secure the collection of the taxes had long since expired; and that no consent at the time within which suits or proceedings for the collection of those taxes could be instituted had been executed by the petitioner prior to or subsequent to the expiration of the time for instituting such suits or proceedings prescribed in the consent of February 6, 1924.

The facts in this proceeding are substantially the same as those which obtained in *Sunshine Cloak & Suit Co.*, 10 B. T. A. 971. No contention is made that the consent filed on February 6, 1924, was not a valid consent. It clearly extended the time within which the respondent might assess a deficiency in income and profits tax for 1918 to June 16, 1925. Prior to that date, namely, June 2, 1924, the Revenue Act of 1924 had become effective. Sections 277 and 278 of that Act prescribed the period of limitation upon assessment and collection of tax under the Revenue Act of 1921 and prior acts. Subdivision (b) of section 277 provides that, where a taxpayer has filed an appeal with the Board of Tax Appeals, the time for making assessment shall be extended by the number of days between the date of the mailing of the notice of deficiency and the date of final decision by the Board. Section 278 (c) provides that:

Where both the Commissioner and the taxpayer have consented in writing to the assessment of the tax after the time prescribed in section 277 for its assessment the tax may be assessed at any time prior to the expiration of the period agreed upon.

Section 278 (d) provides that where the assessment of the tax is made within the period prescribed in sections 277 or 278, such tax may be collected by distraint or by a proceeding in court begun within six years after the assessment of the tax.

At the time the Revenue Act of 1924 became effective, the assessment and collection of a deficiency in tax for 1918 was not barred by any statute of limitation. The consent of February 6, 1924, extended the period within which assessment and collection might be made to a date beyond June 2, 1924; the effective date of the

Revenue Act of 1924. Therefore, the limitations of subdivisions (d) and (e) of section 278 of the Revenue Act of 1924 are inapplicable. *Russell* v. *United States*, 278 U. S. 181.

The fact that the collection of the tax was not mentioned in the consent executed on June 6, 1925, is immaterial. This point was specifically in issue in *Sunshine Cloak & Suit Co.*, *supra*, and was decided adversely to the contentions of the petitioner. See *Hood Rubber Co.* v. *White*, 28 Fed. (2d) 54.

An order will be entered denying the claim of the petitioner that the deficiency determined by the respondent for 1918 is barred by the statute of limitations, and restoring the case for further proceedings under Rule 62 (b) as indicated in the interlocutory decision of the Board promulgated September 12, 1928, 13 B. T. A. 323.