*542 OPINION.
Siei'icin :
The petitioner renews his motion for judgment on the ground that the statute of limitations interposes a bar to the deficiency asserted in view of the numerous decisions involving questions of the statute of limitations since our decision, Sunshine Cloak & Suit Co., 10 B. T. A. 971, denying that motion. Petitioner cites and relies on Joy Floral Co. v. Commissioner, 29 Fed. (2d) 865. We do not think that decision in point. Nor have we been able to find any other decision in conflict with the result of our former holding on the point. The motion is again denied,
*543 Turning to the merits of the case, we find the petitioner’s contention persuasive. Sunshine testified that he intended to contribute the $190,000 to the capital of the corporation and gave instruction to that effect. The bookkeeping acts, as well as the bookkeeper’s testimony, not only confirm the testimony, but show his instructions were carried out. The only questionable fact is the credit to Sunshine’s personal (Exchange Account) account of interest thereon, which, taken by itself, would indicate the sum to be borrowed money. Such indication, however, is negatived by the undisputed showing that a like interest credit was made on behalf of all stockholders on capital invested in stock of petitioner'. This long established, though erroneous, practice of crediting interest on capital paid in adequately explains the one fact which tends to defeat the petitioner’s contention. The exclusion of $190,000 from invested capital was error. The interest deducted thereon will be restored to income.

Judgment will be entered under Rule 50.