ABRAHAM WERBELOVSKY, EXECUTOR, ESTATE OF J. H. WERBELOVSKY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 10106.    Promulgated October 3, 1927.

STATUTE OF LIMITATIONS.—On April 1, 1918, a return was filed for the above estate on Form 1041 (revised January, 1918) for the calendar year 1917. The return showed gross income of $71,030.19 and deductions of $77,177.21. It had written on its face " No net income." No return was filed for the estate on either Form 1040 or 1040-A as required by the Commissioner's regulations in cases where the income of the estate was $1,000 or over. More than five years after April 1, 1918, the Commissioner determined the net income of the estate to be $192,570.71 and on November 6, 1925, mailed the executor a deficiency letter in which he notified him of a deficiency against the estate for the year 1917 of $46,619.74. *Held,* the proposed deficiency is barred by section 277(a)(2) of the Revenue Act of 1924.

*Benjamin Mahler, Esq.,* for the petitioner.
*Henry Ravenel, Esq.,* for the respondent.

In this proceeding the petitioner seeks a redetermination of its income-tax liability for the calendar year 1917, for which the Commissioner, as set forth in his deficiency letter dated November 6, 1925, has determined a deficiency in the amount of $46,619.74. The petition alleges seven errors, the last one being that "The Commissioner erred in determining any deficiency of tax in view of the fact that the time within which such deficiency may be determined has expired."

### FINDINGS OF FACT.

In March, 1913, Jacob H. Werbelovsky died testate. He was survived by his wife, a daughter and three sons. In his will his sons were named as residuary legatees, devisees and executors. The will was duly admitted to probate, the appointment of the executors confirmed, and according to the records of the probate court they were still acting in such capacity on December 30, 1924, not having filed any final account. The estate consisted of a glass business and certain pieces of real estate in Brooklyn.

On April 1, 1918, Benjamin Werbelovsky as an executor of the estate of Jacob H. Werbelovsky, filed with the collector of internal revenue for the first district of New York, a fiduciaries' income-tax return on Form 1041 (revised January, 1918) for the calendar year 1917. Under the schedule captioned "DISTRIBUTION OF NET INCOME" the executor wrote "No net income." Under schedule "C" captioned "INCOME FROM RENTS AND ROYALTIES" the executor reported a gross income of $71,030.19, against which he claimed deductions itemized as follows:

| | |
|---|---:|
| Repairs, wear and tear, and property losses | $26,120.38 |
| Interest | 15,688.68 |
| Taxes | 10,612.72 |
| Other expenses | 24,755.43 |
| Total deductions | 77,177.21 |

The "other expenses" in the amount of $24,755.43 were further itemized in detail on a separate schedule attached to the return on the business stationery of the estate of J. H. Werbelovsky. The item of "Repairs, etc." in the amount of $26,120.38, was further explained in a schedule at the bottom of page 3 of the return.

At the bottom of page 2 of the return the executor made oath that he had sufficient knowledge of the affairs of the estate to enable him to make the return and that the return was to the best of his knowledge and belief true and correct.

No return was filed for the estate on either Form 1040 or 1040-A as required by the Commissioner's regulations in cases where the income of the estate was $1,000 or over.

On November 6, 1925, the respondent determined that the net income of the estate was $192,570.71 and on that day mailed a deficiency letter to one of the executors of the estate proposing a deficiency against the estate for the calendar year 1917 of $46,619.74.

OPINION.

GREEN: There are seven issues involved in this proceeding. The last issue is whether the period has expired within which the Commissioner may assess a deficiency in income taxes against the estate for the calendar year 1917.

The various sections of the statutes material to the last issue are as follows:

Section 2(b), Revenue Act of 1916:

Income received by estates of deceased persons during the period of administration or settlement of the estate, shall be subject to the normal and additional tax and taxed to their estates, and also such income of estates or any kind of property held in trust, including such income accumulated in trust for the benefit of unborn or unascertained persons, or persons with contingent interests, and income held for future distribution under the terms of the will or trust shall be likewise taxed, the tax in each instance, except when the income is returned for the purpose of the tax by the beneficiary, to be assessed to the executor, administrator, or trustee, as the case may be: *Provided*, That where the income is to be distributed annually or regularly between existing heirs or legatees, or beneficiaries the rate of tax and method of computing the same shall be based in each case upon the amount of the individual share to be distributed.

Section 8(c), Revenue Act of 1916:

Guardians, trustees, *executors*, administrators, receivers, conservators, and all persons, corporations, or associations acting in any fiduciary capacity, shall make and render *a* return of the income of the person, trust, or *estate* for whom or which they act, and be subject to all the provisions of this title which apply to individuals. Such fiduciary shall make oath that he has sufficient knowledge of the affairs of such person, trust, or *estate* to enable him to make *such return* and that the same is, to the best of his knowledge and belief, true and correct, and be subject to all the provisions of this title which apply to individuals: *Provided*, That a return made by *one* of two or more joint fiduciaries filed in the district where such fiduciary resides, *under such regulations as the Secretary of the Treasury may prescribe, shall be a sufficient compliance with the requirements of this paragraph.* (Italics supplied except for the word " *Provided.*")

Section 277(a)(2), Revenue Act of 1924:

The amount of income, excess-profits, and war-profits taxes imposed by the Act entitled "An Act to provide revenue, equalize duties, and encourage the industries of the United States, and for other purposes," approved August 5, 1909, the Act entitled "An Act to reduce tariff duties and to provide revenue for the Government, and for other purposes," approved October 3, 1913, the Revenue

Act of 1916, the Revenue Act of 1917, the Revenue Act of 1918, and by any such Act as amended, shall be assessed within five years after the return was filed, and no proceeding in court for the collection of such taxes shall be begun after the expiration of such period.

### Section 278 (a), Revenue Act of 1924:

In the case of a false or fraudulent return with intent to evade tax or of a failure to file *a* return the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time. (Italics ours.)

Pursuant to the authority granted in the Revenue Acts of September 8, 1916, and October 3, 1917, the Commissioner, with the approval of the Secretary of the Treasury, promulgated on January 2, 1918, Regulations No. 33 (Revised). That part of those regulations which is material here is quoted as follows:

### Article 27, Regulations No. 33 (Revised):

Fiduciaries acting for minors or other incompetents will be required to make returns of income according to the marital status of the beneficiaries, and in all cases of return under section 2(b), act of September 8, 1916, as amended, when the income of the estate or trust, as an entity, is $1,000 or over. This return will be on Form 1040 or 1040A.

Fiduciaries are required to make returns of income on Income Tax Form 1041 whenever the interest of any beneficiary in the net income of an estate or trust for which the fiduciary acts is $1,000 or over for an unmarried beneficiary, and in case they are married beneficiaries, then a return will be required whenever the interest of any such married beneficiary is $2,000 or over.

### Article 29, Regulations No. 33 (Revised), in part:

Under the provisions of section 2(b) it is held that estates during the period of administration have but one beneficiary, and that beneficiary is the estate. Therefore a return on Form 1040 or 1040A, subject to all the deductions and exemption, shall be made by the executor or administrator for such beneficiary and the entire tax paid thereon.

The petitioner contends that the time within which the Commissioner could assess any income taxes against the estate expired on April 1, 1923, or five years after the return on Form 1041 was filed by Benjamin Werbelovsky, one of the executors.

The respondent's position is that in accordance with the Revenue Act of 1916 he was given authority, subject to the approval of the Secretary of the Treasury, to prescribe the form or forms to be used by all taxpayers in reporting their income; that pursuant to such authority he, with the approval of the Secretary, promulgated certain regulations providing that in all cases of reporting under section 2 (b) of the Revenue Act of 1916, as amended, a return should be filed on Form 1040 or 1040A when the income of the estate, as an

entity, was $1,000 or over; that no return had been filed on either Form 1040 or 1040A; and that, therefore, in accordance with section 278(a) of the Revenue Act of 1924 the tax here in question could be assessed, or a proceeding in court for its collection could be begun without assessment at any time.

We are of the opinion that both the assessment and collection of the tax here in question are barred by the statute of limitations. A careful reading of section 8(c) *supra*, indicates that Congress intended but one return to be filed for an estate; that such return could be filed by one of two or more joint executors who was to make oath that he had sufficient knowledge of the affairs of such estate to enable him to make such return, and that the same was, to the best of his knowledge and belief, true and correct; and that a return so filed under such regulations as the Secretary of the Treasury may prescribe, " shall be a sufficient compliance with the requirements of this paragraph."

In the instant case a return on Form 1041 was filed by one of the joint executors. This executor made oath to the fact that he had sufficient knowledge to enable him to make the return and that the same was to the best of his knowledge and belief, true and correct. The return filed was provided for in the regulations approved by the Secretary. Does the fact that the executor who filed the return for the estate did not include in such return certain income which the Commissioner has determined was income of the estate, but which the estate still denies was income, or the fact that the executor in filing " a return of the income " used Form 1041 instead of either Form 1040 or 1040A place the estate in the position of having failed to file a return within the meaning of the words " or of a failure to file a return " as used in section 278(a) of the Revenue Act of 1924? We think not. The estate did file " a return." The Commissioner has not alleged or contended that the return as filed was either a " false or fraudulent return with intent to evade tax." Under such facts and circumstances we fail to find any authority in section 278(a) for the proposition that the taxes here in question could be assessed or a proceeding in court for their collection could be begun without assessment at any time.

The respondent in effect is asking us to read into section 278(a) the word " required " as if the statute read " or of a failure to file a required return." This we can not do. The word " required " was in a similar provision of the Revenue Act immediately prior to the Revenue Act of 1924. See the second proviso of section 250(d) of the Revenue Act of 1921, which reads:

*Provided further,* That in the case of a false or fraudulent return with intent to evade tax, or of a failure to file a required return, the amount of tax due may be determined, assessed, and collected, and a suit or proceeding for the collection of such amount may be begun, at any time after it becomes due.

It must be assumed that Congress intended to omit the word " required " in the latter Act.

But even if we were to hold that when Congress spoke of " a return " in section 278 (a), it meant " a required return," since in section 277 (a) (2) of the same Act it provides for the assessment of the tax " within five years after *the* return was filed," yet we are of the opinion that the return filed for the estate satisfies this requirement. Section 8 (c) of the 1916 Act requires the executor to " make and render a return of *the income* " of the estate. The regulations provide that a return shall be filed only if the *net* income of the estate is $1,000 or over. See article 27, *supra*. This article has reference to Forms 1040, 1040-A, and 1041. According to the best knowledge and belief the executor had at the time he filed Form 1041, the estate had " no net income." He would not then, in accordance with the regulations, be required to file any return for the estate. But according also to his best knowledge and belief the estate had a *gross* income of $71,030.19, and in accordance with section 8 (c) of the act he was required " to make and render a return of *the income*." The executor who filed the return believed that no tax was due. If the regulations themselves did not provide for a return in such a case, it does not appear to us material what form the executor used in making and rendering a return of the income as long as he filed " a return." The Commissioner was put on notice that a return had been filed and was given five years to examine the return and determine whether any taxes were due. This he did not do until after more than two and one-half years after the five-year period had expired. We are, therefore, of the opinion that the assessment and collection of the taxes now proposed by the respondent are barred by the statute of limitations. Compare *Appeal of Mabel Elevator Co.*, 2 B. T. A. 517, and *Bastrop Mercantile Co., Ltd.,* v. *Commissioner,* 7 B. T. A. 529.

In view of our conclusions in the foregoing opinion it does not become necessary to consider the remaining six issues raised in the pleadings.

*Judgment of no deficiency will be entered for the petitioner.*

Considered by STERNHAGEN, LANSDON, and ARUNDELL.