CANTRELL & COCHRANE, LTD., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 25041. Promulgated February 26, 1930.

*Fred R. Angevine, Esq.*, for the petitioner.
*R. W. Wilson, Esq.*, for the respondent.

OPINION.

Murdock: A correct decision of this case depends upon a proper interpretation of a number of different provisions of the Revenue Act of 1921. For convenience the pertinent parts of this Act have been set forth by footnote in the order in which they appear in the Act.[1]

Obviously, Congress intended section 237 to apply only to the case of a foreign corporation which received taxable net income from

---

[1] Net Income of Nonresident Alien Individuals.

Sec. 217. (a) That in the case of a nonresident alien individual or of a citizen entitled to the benefits of section 262, the following items of gross income shall be treated as income from sources within the United States:

(1) Interest on bonds, notes or other interest-bearing obligations of residents, corporate or otherwise, not including (A) interest on deposits with persons carrying on the banking business paid to persons not engaged in business within the United States and not having an office or place of business therein, or (B) interest received from a resident alien individual or a resident foreign corporation when it is shown to the satisfaction of the Commissioner that less than 20 per centum of the gross income of such resident payor has been derived from sources within the United States, as determined under the provisions of this section, for the three-year period ending with the close of the taxable year of such payor, or for such part of such period immediately preceding the close of such taxable year as may be applicable;

(2) The amount received as dividends (A) from a domestic corporation other than a corporation entitled to the benefits of section 262, or (B) from a foreign corporation unless less than 50 per centum of the gross income of such foreign corporation for the three-year period ending with the close of its taxable year preceding the declaration of such dividends (or for such part of such period as the corporation has been in existence) was derived from sources within the United States as determined under the provisions of this section;

(3) Compensation for labor or personal services performed in the United States;

(4) Rentals or royalties from property located in the United States or from any interest in such property, including rentals or royalties for the use of or for the privilege of using in the United States, patents, copyrights, secret processes and formulas, good will, trade-marks, trade brands, franchises, and other like property; and

(5) Gains, profits, and income from the sale of real property located in the United States.

sources within the United States but which had not engaged in trade or business within the United States and had no office or place of business therein, and not to foreign corporations which had taxable net income from sources within the United States and were engaged in trade or business therein or had an office or place of business therein. The petitioner contends that it neither engaged in trade or business within the United States nor had any office or place of business therein. We disagree with this contention. By the agreement of November 27, 1917, it was a member of a so-called "syndicate" which had an office and place of business in this country and which engaged in a trade or business in this country. No contention is made that this "syndicate" was a separate independent taxable or legal entity. According to the intent stated in the agreement, the petitioner and Edward and John Burke, Ltd., were to engage in a joint venture for the purpose of carrying on the business of manufacturing ginger ale and some other products in the United States. Whether it was a joint venture or a partnership, the business of the "syndicate" was as much a business of the petitioner as it was a

(b) From the items of gross income specified in subdivision (a) there shall be deducted the expenses, losses, and other deductions properly apportioned or allocated thereto and a ratable part of any expenses, losses, or other deductions which can not definitely be allocated to some item or class of gross income. The remainder, if any, shall be included in full as net income from sources within the United States.

(c) The following items of gross income shall be treated as income from sources without the United States:

(1) Interest other than that derived from sources within the United States as provided in paragraph (1) of subdivision (a);

(2) Dividends other than those derived from sources within the United States as provided in paragraph (2) of subdivision (a);

(3) Compensation for labor or personal service performed without the United States;

(4) Rentals or royalties from property located without the United States or from any interest in such property, including rentals or royalties for the use of or for the privilege of using without the United States, patents, copyrights, secret processes and formulas, good will, trade-marks, trade brands, franchises, and other like property; and

(5) Gains, profits, and income from the sale of real property located without the United States;

(d) From the items of gross income specified in subdivision (c) there shall be deducted the expenses, losses, and other deductions properly apportioned or allocated thereto, and a ratable part of any expenses, losses, or other deductions which can not definitely be allocated to some item or class of gross income. The remainder, if any, shall be treated in full as net income from sources without the United States.

(e) Items of gross income, expenses, losses and deductions, other than those specified in subdivisions (a) and (c), shall be allocated or apportioned to sources within or without the United States under rules and regulations prescribed by the Commissioner with the approval of the Secretary. Where items of gross income are separately allocated to sources within the United States, there shall be deducted (for the purpose of computing the net income therefrom) the expenses, losses and other deductions properly apportioned or allocated thereto and a ratable part of other expenses, losses or other deductions which can not definitely be allocated to some item or class of gross income. The remainder, if any, shall be included in full as net income from sources within the United States. In the case of gross income derived from sources partly within and partly without the United States, the net income may first be computed by deducting the expenses, losses or other deductions apportioned or allocated thereto and a ratable part of any expenses, losses or other deductions which can not definitely be allocated to some item or class of gross income; and the portion of such net income attributable to sources within the United States may be determined by processes or formulas of general apportionment pre-

**24**

business of Edward and John Burke, Ltd., and the place of business of the " syndicate " was likewise a place of business of the petitioner. The petitioner was not receiving interest, rent, salary, wages, premiums, annuities, compensations, remunerations, emoluments or other fixed or determinable annual or periodical gains, profits and income over which Edward and John Burke, Ltd., had control, receipt, custody, disposal or payment within the meaning of section 221, but, on the contrary, was itself engaged in business in the United States, was using and protecting its secret formulae, dividing the profits of that business, retaining some control over and such rights in the management of that business as it desired, retaining also an undivided one-half interest in certain property used in and contributing to the efficient conduct of the business, and was entitled to its share of the profits of the business as such, not as something to be received from or through Edward and John Burke, Ltd. The mere fact that it adopted the particular form of conducting this business provided in the agreement, whereby its powers of control and administration were somewhat restricted, does not change the fact that it was engaged in the business. In the eye of the law at least it was present here as a party to the conduct of the business of the " syndicate " through which it established a place of business within the United States for doing a part of its business. Cf. *People* v. *Roberts*, 152 N. Y. 59; 46 N. E. 161. See also *Flint* v. *Stone Tracy Co.*, 220

scribed by the Commissioner with the approval of the Secretary. Gains, profits and income from (1) transportation or other services rendered partly within and partly without the United States, or (2) from the sale of personal property produced (in whole or in part) by the taxpayer within and sold without the United States, or produced (in whole or in part) by the taxpayer without and sold within the United States, shall be treated as derived partly from sources within and partly from sources without the United States. Gains, profits and income derived from the purchase of personal property within and its sale without the United States or from the purchase of personal property without and its sale within the United States, shall be treated as derived entirely from the country in which sold.

\* \* \* \* \* \* \*

(g) A nonresident alien individual or a citizen entitled to the benefits of section 262 shall receive the benefit of the deductions and credits allowed in this title only by filing or causing to be filed with the collector a true and accurate return of his total income received from all sources corporate or otherwise in the United States, in the manner prescribed in this title; including therein all the information which the Commissioner may deem necessary for the calculation of such deductions and credits; *Provided*, That the benefit of the credit allowed in subdivision (e) of section 216 may, in the discretion of the Commissioner, be received by filing a claim therefor with the withholding agent. In case of failure to file a return, the collector shall collect the tax on such income, and all property belonging to such nonresident alien individual or foreign trader shall be liable to distraint for the tax.

PAYMENT OF INDIVIDUAL'S TAX AT SOURCE.

SEC. 221. (a) That all individuals, corporations, and partnerships, in whatever capacity acting, \* \* \* having the control, receipt, custody, disposal, or payment of interest, \* \* \* rent, salaries, wages, premiums, annuities, compensations, remunerations, emoluments, or other fixed or determinable annual or periodical gains, profits, and income, of

U. S. 107, at page 171, where the court defined business and stated that corporations organized for the purpose of doing business and actually engaged in such activities as leasing property, making investments of profits, dividing profits and in some cases investing the surplus are engaged in business.

Therefore, section 237 of the Revenue Act of 1921 does not apply to this petitioner and the Commissioner did not err in so holding or in holding that the petitioner was liable for income and profits taxes in accordance with other provisions of the Revenue Act of 1921. This we believe is a complete decision of the issue raised by the petitioner's first allegation of error, which does not require us to go into the method used by the Commissioner in determining the deficiencies which he has determined.

The next issue is as to whether or not the Commissioner erred in assessing the penalties upon the petitioner for failure to file a return for each of the two taxable periods here involved. No question is raised as to the amount of the penalties, if any penalties were proper. The penalties in this case were apparently imposed under section 1311 for failure to file a return. The petitioner contends that since the two returns above mentioned were filed by Edward and John Burke, Ltd., as withholding agent in accordance with section 237, no penalty can be assessed against it for failure to file returns. It argues that it was not required at its peril to decide upon the exact form of its return. The courts and this

any nonresident alien individual or partnership composed in whole or in part of non-resident aliens * * * shall * * * deduct and withhold from such annual or periodical gains, profits and income a tax equal to 8 per centum thereof * * *.

(b) In any case where bonds, mortgages, or deeds of trust, or other similar obligations of a corporation contain a contract or provision by which the obligor agrees to pay any portion of the tax imposed by this title upon the obligee, or to reimburse the obligee for any portion of the tax, or to pay the interest without deduction for any tax which the obligor may be required or permitted to pay thereon, or to retain therefrom under any law of the United States, the obligor shall deduct and withhold a tax equal to 2 per centum of the interest upon such bonds, mortgages, deeds of trust, or other obligations, whether such interest is payable annually or at shorter or longer periods and whether payable to a nonresident alien individual or to an individual citizen or resident of the United States or to a partnership: *Provided,* That the Commissioner may authorize such tax to be deducted and withheld in the case of interest upon any such bonds, mortgages, deeds of trust, or other obligations, the owners of which are not known to the withholding agent. Such deduction and withholding shall not be required in the case of a citizen or resident entitled to receive such interest, if he files with the withholding agent on or before February 1 a signed notice in writing claiming the benefit of the credits provided in subdivisions (c) and (d) of section 216; nor in the case of a nonresident alien individual if so provided for in regulations prescribed by the Commissioner under subdivision (g) of section 217.

(c) Every individual, corporation, or partnership required to deduct and withhold any tax under this section shall make return thereof on or before March 1 of each year and shall on or before June 15 pay the tax to the official of the United States Government authorized to receive it. Every such individual, corporation, or partnership is hereby made liable for such tax and is hereby indemnified against the claims and demands of any individual, corporation, or partnership for the amount of any payments made in accordance with the provisions of this section.

(d) Income upon which any tax is required to be withheld at the source under this section shall be included in the return of the recipient of such income, but any amount

Board have heretofore held in certain instances that a taxpayer who did not file a return on the correct form or whose return was not correct in every detail, had not necessarily failed to file a sufficient return, but in every case of this kind that has been called to our attention, there was a return filed which gave the Commissioner substantial information as to the specific items of the taxpayer's gross income and the deductions and credits to which it was entitled. Cf. *National Refining Co. of Ohio*, 1 B. T. A. 236; *National Refining Co. of Ohio*, 21 Fed. (2d) 464; *Mabel Elevator Co.*, 2 B. T. A. 517; *Mabel Elevator Co.*, 17 Fed. (2d) 109; *Dallas Brass & Copper Co.*, 3 B. T. A. 856; *F. A. Hall Co.*, 3 B. T. A. 1172; *Mrs. Sidney D. Smith*, 4 B. T. A. 385; *Pilliod Lumber Co.*, 7 B. T. A. 591; reversed, 33 Fed. (2d) 245; certiorari granted, 50 Sup. Ct. 37; *Abraham Werbelovsky, Executor*, 8 B. T. A. 442; *Paso Robles Mercantile Co.*, 12 B. T. A. 750; affd. 33 Fed. (2d) 653; certiorari denied, 50 Sup. Ct. 40; *Estate of F. M. Stearns*, 16 B. T. A. 889; *Florsheim Brothers Dry Goods Co., Ltd.*, 29 Fed. (2d) 895; certiorari granted, 50 Sup. Ct. 17; *Thomas* v. *United States*, 22 Fed. (2d) 1000. So far as we know, it has never been held that a withholding return was such a return as would relieve the recipient of the income from penalty for failure to file a return. This petitioner should have filed a return in accordance with section 239(a) and should have stated specifically the items of its gross income and the deductions and credits allowed it for a proper fiscal period in accord-

of tax so withheld shall be credited against the amount of income tax as computed in such return.

(e) If any tax required under this section to be deducted and withheld is paid by the recipient of the income, it shall not be re-collected from the withholding agent; nor in cases in which the tax is so paid shall any penalty be imposed upon or collected from the recipient of the income or the withholding agent for failure to return or pay the same, unless such failure was fraudulent and for the purpose of evading payment.

---

TAX ON CORPORATIONS.

SEC. 230. That, in lieu of the tax imposed by section 230 of the Revenue Act of 1918, there shall be levied, collected, and paid for each taxable year upon the net income of every corporation a tax at the following rates:

(a) For the calendar year 1921, 10 per centum of the amount of the net income in excess of the credits provided in section 236; and

(b) For each calendar year thereafter, 12½ per centum of such excess amount.

---

NET INCOME OF CORPORATIONS DEFINED.

SEC. 232. That in the case of a corporation subject to the tax imposed by section 230 the term "net income" means the gross income as defined in section 233 less the deductions allowed by section 234, and the net income shall be computed on the same basis as is provided in subdivision (b) of section 212 or in section 226. In the case of a foreign corporation or of a corporation entitled to the benefits of section 262 the computation shall also be made in the manner provided in section 217.

ance with its books. The returns filed did not purport to give this information and were for a different purpose. Cf. *Union Pacific Railway Co.* v. *Bowers*, 33 Fed. (2d) 102. The only information given therein was the name of the recipient, its address, the amount of income paid to it by this single withholding agent for the calendar year, and the amount of tax so withheld. It will be noted that these returns were for calendar years, whereas the Commissioner has assessed the tax on the basis of fiscal years ending October 31. The record gives no explanation of this difference in the taxable period and we have not been told the method used in keeping the books of the petitioner or the books of the " syndicate."

The petitioner also contends that the deficiency asserted in the letter dated January 12, 1927, for the year ended October 31, 1921, is barred by the relevant statute of limitations because the return filed by Edward and John Burke, Ltd., in accordance with section 237 was sufficient to start the running of the period of limitation provided in section 250(d). Subsequent revenue acts have made no change in the provisions of section 250(d), material hereto, except that in the later acts the expression " failure to file a required return " was changed to " failure to file a return."

In order that the scope and effect of the Revenue Act of 1921 might be as general as possible, Congress made section 230 apply to every corporation which had net income in excess of certain credits provided in section 236. Likewise, in section 239(a) it required every corporation subject to taxation under Title I of the Act to file a return stating specifically the items of its gross income and the deductions and credits allowed by this title. This was quite a different return from that of the withholding agent required in section 221. Of course this Act did not require the filing of a return and

---

GROSS INCOME OF CORPORATIONS DEFINED.

SEC. 233. (a) That in the case of a corporation subject to the tax imposed by section 230 the term " gross income " means the gross income as defined in sections 213 and 217, except that mutual marine insurance companies shall include in gross income the gross premiums collected and received by them less amounts paid for reinsurance.

(b) In the case of a foreign corporation, gross income means only gross income from sources within the United States, determined (except in the case of insurance companies subject to the tax imposed by sections 243 or 246) in the manner provided in section 217.

---

PAYMENT OF CORPORATION INCOME TAX AT SOURCE.

SEC. 237. That in the case of foreign corporations subject to taxation under this title not engaged in trade or business within the United States and not having any office or place of business therein, there shall be deducted and withheld at the source in the same manner and upon the same items of income as is provided in section 221, a tax equal to 12½ per centum thereof (but during the calendar year 1921 only 10 per centum) and such tax shall be returned and paid in the same manner and subject to the same conditions as provided in that section * * *.

the payment of a tax to the United States Government by every corporation in the world having net income in excess of the credits allowed in section 236. But this is only true because other provisions of the Act limit its scope and effect. For example, section 233 (b), as supplemented by section 217, eliminated all foreign corporations which did not have gross income from sources within the United States determined in the manner provided in section 217. But this section does not apply in the case of this petitioner, for it is not contended that the petitioner did not have gross income from sources within the United States determined in the manner provided in section 217, and it is clear that the petitioner had some gross income of this kind. Furthermore, there is no other provision of the Revenue Act which would remove this petitioner from the general classification of corporations affected by section 230. Thus, the petitioner, being subject to taxation under Title I, was required by section 239 (a) to make a return stating specifically the items of its gross income and the deductions and credits allowed by this title. This it was required to do regardless of whether or not some other individual, corporation, or partnership was required to file a withholding return and pay certain tax for it, as a withholding agent, under sections 237 and 221. Section 221, in subparagraphs (d) and (e), provides a method to prevent double taxation in this connection, but it is apparent from these paragraphs that the recipient of the income was required to file a return also.

It may well be that certain foreign corporations subject to tax were in position to decline to file a return separate and apart from the withholding return, but the fact remains that all were required to file a return under section 239 (a), regardless of whether or not another was required under section 237 and section 221. Any corporation which failed to file a return under section 239 (a) did so at its peril, inasmuch as by such failure it may have denied itself certain benefits which it would have received had it filed the return. That is the position of the present petitioner. It failed to file a return

CORPORATION RETURNS.

SEC. 239. (a) That every corporation subject to taxation under this title * * * shall make a return, stating specifically the items of its gross income and the deductions and credits allowed by this title. The return shall be sworn to by the president, vice president, or other principal officer and by the treasurer or assistant treasurer. If any foreign corporation has no office or place of business in the United States but has an agent in the United States, the return shall be made by the agent * * *

SEC. 250. (d) The amount of income, excess-profits, or war-profits taxes due under any return made under this Act for the taxable year 1921 or succeeding taxable years shall be determined and assessed by the Commissioner within four years after the return was filed, and the amount of any such taxes due under any return made under this Act for prior taxable years or under prior income, excess-profits, or war-profits tax Acts, * * *

under section 239 (a) and now seeks certain benefits which the filing of that return would have given it. To be specific, it seeks the benefit of the statutory period of limitation within which the Commissioner must determine and assess the tax, and it also seeks to avoid the penalty which the Commissioner has imposed for failure to file a return. It is clear, however, that under section 250 (d) the tax due may be determined, assessed and collected at any time after it became due because the petitioner failed to file a required return. Likewise, since no return was filed, the Commissioner was not in error in imposing the penalty for failure to file a return.

This view not only finds support in the revenue act itself, but also finds support in common sense and reason. Suppose that the petitioner had received other income from five other sources within the United States in addition to the income here in question, and that, instead of one withholding return six had been filed by six different corporations at six different times, each stating that certain income had been paid to the petitioner for the year and that certain tax had been withheld on that account. In this situation, if the petitioner's contention were correct, when would the period of limitation begin to run? Furthermore, if the petitioner's contention were correct, it would apply equally well to returns made under section 221, and thus where any tax was withheld at the source, as the 2 per cent on bond interest, the statute of limitations would immediately begin to run in connection with the entire income-tax liability of the individual or partnership recipent of the interest, even though the individual or partnership failed to file any return as required by the Act, and no penalty could be imposed for failure to file a return.

Reviewed by the Board.

*Judgment will be entered for the respondent.*

---

shall be determined and assessed within five years after the return was filed, * * * *Provided further,* That in the case of * * * a failure to file a required return, the amount of tax due may be determined, assessed, and collected, and a suit or proceeding for the collection of such amount may be begun, at any time after it becomes due * * *

---

AMENDMENTS TO REVISED STATUTES.

SEC. 1311. That sections * * * and 3176 of the Revised Statutes, as amended, are reenacted, without change, as follows:

\* \* \* \* \* \* \*

" SEC. 3176. * * * In case of any failure to make and file a return or list within the time prescribed by law, or prescribed by the Commissioner of Internal Revenue or the collector in pursuance of law, the Commissioner of Internal Revenue shall add to the tax 25 per centum of its amount, except that when a return is filed after such time and it is shown that the failure to file it was due to a reasonable cause and not to willful neglect, no such addition shall be made to the tax. * * * "