*295 OPINION.
Steenhagen:
The petitioner assails the respondent’s determination on numerous grounds, none of which is, in our opinion, sufficiently strong to establish error. Whist and Rendtorff were nonresident aliens with substantial interests in the several insurance businesses conducted in the United States. Yan Iderstine was the resident managér of these enterprises and, as postulated by the Commissioner, apparently acted also as their individual representative, receiving and distributing to them their distributive shares of the income. He was required by the Revenue Act of 1926, section 221, to withhold and pay tax and to make a withholding return. He *296 neither made the return nor iraid the tax. The respondent therefore determined the deficiencies to be due from him and added penalties. We are of opinion he acted correctly. The failure to file returns also prevents the application of any limitation period. Revenue Act of 1926, sec. 277. The filing by Van Iderstine of returns for the International Corporation and, as fiduciary, for the special accounts of the business done in respect of the other foreign companies, did not discharge his duty to file withholding returns for Whist and Rendtorif and does not control the limitation period or the penalties. Cantrell & Cochrane, Ltd., 19 B. T. A. 16.
It is argued that the amounts received by Whist and Rendtorff from all of the several sources were salaries or compensation for services and reimbursement of expenses, and that since the services were performed abroad, the income is not derived from sources within the United States and hence, to a nonresident alien, is not taxable. We are of opinion, however, from the evidence, that the amounts were neither salary or compensation nor reimbursement of expenses. The evidence indicates that they were distributions to nonresident aliens of their distributive shares of the income from the several businesses carried on in the United States by the International and the Norwegian agencies, and, as such, taxable to the dis-tributees and to their resident withholding agent. The performance by them of services abroad in behalf of these enterprises does not establish that they were to receive salaries therefor or to be compensated otherwise than by their shares in the profits resulting from the success of the business.
It is argued that, since International was classified under section 200 as a personal service corporation, its income is taxable as partnership income and that these nonresident aliens are therefore not taxable on their distributive shares. Assuming that the corporation is a personal service corporation, the income, however, is still the income of the domestic corporation, although taxable not directly to the corporation but to the shareholders or their withholding agent.'

Judgment will he entered for the respondent.