*1101 OPINION.
Miller:
Respondent claims deficiencies in petitioner’s income tax and 25 percent additional taxes for the years 1920, 1921, 1922, and 1923. The additional taxes were imposed because of petitioner’s failure to make personal income tax returns for those years. The Revenue Act of 1918 is applicable to the year 1920 and the Revenue Act of 1921 to the remaining years. The applicable sections are set forth in the margin.[3]
*1102 Petitioner was a nonresident alien inventor, who received royalties on his patents from a partnership which sold etching machines in Philadelphia during those years. The partnership made agents’ withholding returns for the same years.
Every individual receiving income above the statutory exemption is required to make a return of such income, or if unable to do so, to have it done by an authorized agent. Sec. 223, Revenue Act of 1918; sec. 223, Revenue Act of 1921. The petitioner received income in each of the four years sufficient to require the filing of individual returns thereon.
Gross income of nonresident aliens from sources within the United States is defined by section 213 of the Revenue Act of 1918, and by section 217 of the Revenue Act of 1921. No question is raised in the petition that all income included by the respondent was from sources within the United States. In computing net income of a nonresident alien, deductions are limited to those related to income from sources within the United States, sec. 214(b), Revenue Act of 1918, sec. 214 (b), Revenue Act of 1921; and a nonresident alien individual is ■entitled to “receive the benefit of the deductions and credits allowed in this title only by filing or causing to be filed with the collector a true and accurate return of his total income received -from all sources corporate or otherwise in the United States.” In case of failure to file a return, the collector is required to collect the tax on such income, and all property • belonging to such nonresident alien individual or foreign trader is liable to distraint for the tax. Sec. 217, Revenue Act of 1918; sec. 217 (g), Revenue Act of 1921. .
(1) The first question is whether the assessments are barred by the statute of limitations.
The period of limitation fixed by the statute for assessing and collecting income taxes for the year 1920 was five.years after the filing of the required return; and the period of limitation fixed by the statute relating to taxes for the years 1921, 1922, and 1923 was four years after the filing of the required returns for each year. Revenue Act of 1926, sec. 277 (a).
*1103 Section 278 (a) of the Revenue Act of 1926 further provided:
In the case of a false or fraudulent return with intent to evade tax or of a failure to file a return the tax may he assessed, or a proceeding in court for the collection of such tax may be begun without assessment at any time. [Italics supplied.]
There is no evidence that petitioner ever filed personal income tax returns for the years in question, or that any such returns were filed in his behalf. No allegations to that effect were made in the petition or by petitioner -when he was on the witness stand at the hearing. Representatives of the collector’s office at Philadelphia and at Baltimore testified that neither of those offices contained any record of such returns. While this evidence is entirely negative, we think it clearly establishes the fact that no returns were ever filed by petitioner for those years, and we have so found as a fact.
The only tax returns filed on behalf of petitioner for the four years in question were the “withholding tax” returns filed by Plesser and Gies. These filings were insufficient to start the running of the periods of limitation. Cantrell & Cochrane, Ltd., 19 B. T. A. 16.
What has been said of the withholding returns applies with equal force to the partnership returns filed by the Axel Holmstrom Etching Machine Co. The only parties appearing by name on these returns are Plesser and, Gies. The petitioner’s name does not appear at all except as it appears in the. name of the partnership. These returns were not intended to be the individual returns which petitioner should have filed, and can not be substituted therefor. None of the returns filed by Plesser and Gies, either as withholding agents or for' the partnership, purported to reveal or to give “substantial information as to the specific items of the taxpayer’s gross income and the deductions and credits to which it (he) was entitled.” This is true particularly as it relates to income received from the estate of Schuessler. For the reasons set forth in Cantrell & Cochrane, Ltd., supra, at page 26 et seq., they are insufficient, therefore, to satisfy the requirement of the law. The petitioner, as a nonresident alien, failed to file returns a,t his peril.
Since no individual income tax returns were filed by petitioner or by any agent in his behalf during the taxable years, the statute of limitations raises no bar to the assessments. It is the filing of such returns that starts the running of the statutory period. Sec. 277 (a), Revenue Act of 1926; Eli Kirk Price, Executor, 23 B. T. A. 1192, 1199; Employees Industrial Loan Association, Inc., 27 B. T. A. 945; Updike v. United States, 8 Fed. (2d) 913.
The respondent has determined additional taxes of 25 percent of the amount of the deficiencies in the several years because of peti *1104 tioner’s failure to file individual returns. No question of fraud is raised. The additional taxes are laid under the Eevised Statutes, section 3176, which, as amended by section 1317 of the Revenue Act of 1918 and reenacted by section 1311 of the Revenue Act of 1921, is set out in the margin.[4] The reasons which require that the deficiencies be sustained, require also that the additional taxes be sustained.
Petitioner seeks to escape liability both for taxes and additional taxes on the theory that his agents Plesser and Gies were under obligation to file returns in his behalf and to pay his taxes. The facts fail to support this theory. Plesser and Gies were neither obligated nor authorized to file individual tax returns for petitioner, disclosing his income from all sources in the United States, and to pay taxes thereon. The evidence was contradictory as to which of these instruments was the one under which petitioner and Gies and Plesser operated in the taxable years; petitioner maintaining that the contract of February 3, 1920, was in force until 1927, and Gies that it was repudiated in the same week made. Petitioner contends that the contract dated February 3, 1920, was the one which determined the relationship of Plesser and Gies to him, and fixed their liability to make returns and pay taxes in his behalf.
The only reference to taxes in that contract is that which is found in the undated and unsigned “Additions to The Contract”, attached at the end thereof, as follows:
Taxes winch in the United States of North America have to be paid on the licenses are to be paid as follows:
By Axel Holmstrom-50%
Otto Plesser_25%
Marie O. Gies-25%
It can hardly be seriously contended that the foregoing was intended to obligate Plesser and Gies to file individual tax returns for petitioner. It could as well be argued therefrom that the petitioner was obligated to make individual tax returns for Plesser and Gies. In fact, it is apparent that this statement was no more than a specification of the percentage which each of the three undertook to pay, of “taxes which * * * have to be paid on the licenses.” If there were any doubt as to the meaning bf this provision it ivas *1105 completely removed by the letter Avritten by petitioner in 1924, antedated April 1, 1920:
I refer to conversation with you while I was there, regarding the 8% income taxes payable on my licenses. When I gave you the license price of $650.00 I had not figured on having to pay taxes out of this amount. As agreed, I will pay 4% and you the other 4%.
The power of attorney given by petitioner to Plesser and Gies contains no language which can possibly be construed to require the filing of tax returns or to permit the payment of taxes.
Conceding, for the purpose of argument, as petitioner so earnestly contends, that his agents not only failed to fulfill the obligations assumed under their contract of agency, but also intentionally sought to defraud petitioner, still we are not concerned with that question here. We are concerned only with ascertaining whether the taxes were properly laid on petitioner as a nonresident alien, and, if so, whether the Commissioner may collect them directly from petitioner’s property without resort to his agents. The statutes clearly confer that power.
The Government is not limited to its remedy against the agent for collection of the tax if the principal has property subject to dis-traint. This is the language and the clear and obvious intendment of section 217 of the Revenue Act of 1918, and of section 217 (g) of the Revenue Act of 1921.
Far from constituting an excuse for a taxpayer’s failure to file required returns, willful neglect upon the part of an agent to do so may be imputed to his principal, so as to sustain imposition of additional taxes upon the latter. Berlin v. Commissioner, 59 Fed. (2d) 996; Frischkorn Development Co., 30 B. T. A. 8, 15, and cases there cited.
Petitioner returned to the United States on December 17, 1934, and remained until after the hearing of this case in May 1936. For a period of nearly six months prior to the assessments made by the respondent, petitioner failed to file his returns for the years in dispute, although present in this country and in full charge of his own affairs. Had he filed returns during this period he would, perhaps, have been in a position to urge reasonable cause for delay in filing as a reason for nonimposition of additional taxes. This he failed to do and has thus cut off any chance of avoiding such additional taxes. It is only in the case of returns actually filed that a taxpayer can plead reasonable cause for tardiness in filing as a means of avoiding such assessments. Employees Industrial Loan Association, Inc., 27 B. T. A. 945; Charles S. Pearsall & Son, 29 B. T. A. 747, and cases there cited.
One further question remains — whether respondent correctly determined petitioner’s net income for each of the years in controversy *1106 from the records of bis bant deposits, credits, and withdrawals and from the books of the Axel Holmstrom Etching Machine Co.. The Commissioner’s resort to the taxpayer’s bank deposits to establish his income, other evidence being lacking, is not unreasonable. Cf. Pincus Brechar, 27 B. T. A. 1108; Russell C. Mauch, 35 B. T. A. 617. And here, except for the amount of bank credits on interest received by petitioner on his bank deposits, the bank records are used only to corroborate evidence otherwise obtained. It is argued that none of the amounts received by petitioner from the Schuessler estate constituted income, but instead represented an old debt, dating back to 1918, which was paid to him little by little each month. The evidence is clear that these amounts were petitioner’s share of old installment sales made since 1910. Since petitioner was on a cash basis, these installment payments, no matter when earned, constituted income to him in the year of their receipt. Jackson v. Smietanka, 272 Fed. 970; Holbrook v. Moore, 293 Fed. 264; S. P. Freeling, 7 B. T. A. 1238. Cf. Avery v. Commissioner, 292 U. S. 210.
In the bank deposit accounts it should be noted that a duplication of $30,000 occurs in the year 1921 which should be eliminated from petitioner’s deposits in the Philadelphia Trust Co. for that year (August 29, 1921) and also from the withdrawals from the Girard National Bank (August 8,1921), since this represents merely a transr fer from one-bank to the other of the same money. It should be noted also, for purposes of recomputation, that the amount received by petitioner from the Axel Holmstrom Machine Co. in 1922 was $30,586.40 instead of $31,386.40 as found by the respondent, making his total income for that year $33,100.67 instead of $33,900.67.
The determination of increased deficiencies is sustained for the years 1920, 1921, 1922, and 1923 in accordance with the facts found, and also additional taxes amounting to 25 percent of the deficiencies for each year involved.
Reviewed by the Board.

Judgment will be entered under Bule 50.

 [Revenue Act of 1918.] Sec. 221. (a) That all individuals, corporations- and partnerships, in -whatever capacity acting, including lessees or mortgagors of real or personal property, fiduciaries, employers, and all officers and employees of the united States, having the control, receipt, custody, disposal, or payment, of interest, rent, salaries, wages, premiums, annuities, compensations, remunerations, emoluments, or other fixed or determinable annual or periodical gains, profits, and income of any nonresident alien individual (other than Income received as dividends from a corporation which is taxable under this title upon its net income) shall (except in the cases provided for in subdivision (b) and except as otherwise provided in regulations prescribed by the Commissioner under section 217) deduct and -withhold frpm such annual or periodical gains, profits, and income a tax equal to 8 per centum thereof: Provided: That the Commissioner may authorize such tax to be deducted and withheld from the interest upon any securities the owners of which are not known to the withholding agent. '
* ******
(e) Every individual, corporation, or partnership, required to deduct and withhold any tax under this section shall make return thereof on or before March first of each year and shall on or before June fifteenth pay the tax to the official of the united States Government authorized to receive it. Every such individual, corporation, or partnership-is hereby made liable for such tax and is hereby indemnified against the claims and *1102 demands of any individual, corporation, or partnership for the amount of any payments made in accordance with the provisions of this section.
(d) Income upon which any tax is required to be withheld at the source under this section shall be included in the return of the recipient of such income, but any amount of tax so withheld shall be credited against the amount of income tax as computed in such return.
(el If any tax required under this section to be deducted and withheld is paid by the recipient of the income, it shall not be re-collected from the withholding agent; nor in cases in which the tax is so paid, shall any penalty be imposed upon or collected from the recipient of the income or the withholding agent for failure to return or pay the same, unless such failure was fraudulent and for the purpose of evading payment.
[The same provisions are repeated by section 221 of the Revenue Act of 1921.]

 [Section 1317, Revenue Act oí 1918 (Rev. Stat., sec. 3176.)]
4 $ 'H $ $ *
Tlie Commissioner of Internal Revenue shall determine and assess all taxes, other than stamp taxes, as to which returns or lists are so made under the provisions of this section. In case of any failure to make and file a return or list within the time prescribed by law, or prescribed by the Commissioner of Internal Revenue or the collector in pursuance of law; the Commissioner of Internal Revenue shall add to the tax 25 per centum of its amount, except that when a return is filed after such time and it is shown that the failure to file it was due to a reasonable cause and not to willful neglect, no such addition shall be made to the tax. * * *