112 T.C. No. 8


UNITED STATES TAX COURT


ICI PENSION FUND, ICI PENSIONS TRUSTEE LIMITED, TRUSTEE, Petitioner v.COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 10030-97.                    Filed March 5, 1999.


During 1991 and 1992, F, a non-U.S. pension fund, received dividends from U.S. corporations, net of U.S. income tax that was withheld thereon. Relying on sec. 1.6012-1(b)(2)(i), Income Tax Regs., F did not file tax returns for those years, taking the position that its "tax liability * * * [was] fully satisfied by the withholding of tax at source". On Aug. 12, 1992, and June 28, 1993, F claimed refunds of the amounts withheld for 1991 and 1992, respectively, alleging it was tax exempt. R refunded the amount of tax withheld for 1991 on or about Aug. 27, 1992, and refunded the amount withheld for 1992 on or about Aug. 11, 1993. Later, R determined that F was not tax exempt. On Dec. 19, 1996, R issued notices of deficiency to F determining that F was liable for the refunded amounts. F argues primarily that the deficiency notices were not issued within the time period set forth in sec. 6501, I.R.C., because it was not required to file a return for either 1991 or 1992. R argues primarily that the deficiency notices are timely under sec. 6501(c)(3), I.R.C., because F was required to file a return for both years and did not.

Held: The deficiency notices are timely because F failed to file 1991 and 1992 income tax returns. The provision in sec. 1.6012-1(b)(2), Income Tax Regs., upon which F relies is inapplicable because: (1) F's tax liability for the years was not "fully satisfied" and (2) F claimed overpayments of tax.

K. Peter Schmidt, for petitioner.

Gary D. Kallevang, for respondent.

## OPINION

LARO, Judge: ICI Pension Fund, ICI Pensions Trustee Limited, Trustee, moves for summary judgment, asserting that section 6501 does not allow respondent to assess tax for either year in issue. Respondent moves for partial summary judgment, asserting primarily that the notices of deficiency are timely under section 6501(c)(3). Respondent issued the notices of deficiency to ICI Pension Fund, ICI Pensions Trustee Limited, Trustee, on December 19, 1996, after determining deficiencies in the 1991 and 1992 income tax of ICI Pension Fund (Fund).

We must decide whether the notices of deficiency are timely. We hold they are. Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the subject years. Rule references are to the Tax Court Rules of Practice and Procedure. Dollar amounts are rounded to the nearest dollar.

## Background

The Fund is a trust with its principal office in London, United Kingdom. Its trustee is ICI Pension Trustee Limited

(ICI). The Fund does not engage in a trade or business in the United States. It does not have income effectively connected with a U.S. trade or business. It does not have income attributable to a permanent establishment in the United States.

During 1991 and 1992, the Fund received dividends on stock it owned in certain domestic corporations. These dividends were subject to Federal income tax withholding in the amounts of $1,550,065 for 1991 and $1,627,006 for 1992. Banker's Trust Co. (Banker's Trust), the withholding agent for the payments, withheld the required amounts of tax and remitted the withheld amounts to respondent. Banker's Trust filed with respondent Form 1042, Annual Withholding Tax Return for U.S. Source Income of Foreign Persons, and Form 1042S, Foreign Person's U.S. Source Income Subject to Withholding, on April 13, 1992 (for 1991), and on June 9, 1993 (for 1992). (Banker's Trust had previously issued the Fund copies of the Forms 1042S.) These forms were not required to, and did not, list the taxpayer identification number of either the Fund or ICI. These forms also were not signed by either of the two. Forms 1042 and 1042S make no provision for signature by the persons from whom taxes are withheld.

On August 12, 1992, the Fund submitted to respondent a 1991 Form 990-T, Exempt Organization Business Income Tax Return, claiming a refund of $1,550,065 in income taxes. The Fund's claim was based on its assertion that it was a tax-exempt organization under section 501(c)(5). The information listed on the 1991 Form 990-T included the Fund's name, address, and

employer identification number, and the Fund's claim that it was entitled to a $1,550,065 refund for "ERRONEOUS WITHHOLDING". On or about August 27, 1992, respondent refunded to the Fund the $1,550,065 amount that had been withheld for 1991.

On June 28, 1993, the Fund submitted to respondent a 1992 Form 990-T, claiming a refund of $1,627,006 in income taxes. The Fund's claim was again based on its assertion that the Fund was a tax-exempt organization under section 501(c)(5). The information listed on the 1992 Form 990-T included the Fund's name, address, and employer identification number, its claim that it was entitled to a $1,627,006 refund, and a statement to the effect that "This refund claim is not an income tax return." On or about August 11, 1993, respondent refunded to the Fund the $1,627,006 amount that had been withheld for 1992.

The Fund did not file a 1991 or 1992 Federal income tax return.[1] For those years, the Fund did not have any U.S. source income subject to tax, other than the dividends mentioned above.

## Discussion

The Fund concedes that it was not a tax-exempt entity during the subject years. The Fund asserts, however, that respondent may not assess tax for those years. First, the Fund argues, the 3-year limitation period set forth in section 6501(a) never began to run because it did not file a 1991 or 1992 Federal income tax

---

[1] Although the Fund did file claims for refunds for both years on Form 990-T, the parties agree that these claims are not "returns" for purposes of sec. 6501(a). See MNOPF Trustees Ltd. v. United States, 123 F.3d 1460 (Fed. Cir. 1997).

return.  Second, the Fund argues, the open-ended limitation period of section 6501(c)(3) for failing to file a return does not apply because, the Fund states, it was not required to file a return for either year, seeing that its tax liability had been withheld in full by Banker's Trust.  The Fund relies on the first sentence of section 1.6012-1(b)(2)(i), Income Tax Regs., to support its second argument and acknowledges that it was required to file a return but for this sentence.  In the alternative, the Fund argues, respondent is time barred with respect to 1991 because the notice of deficiency for that year was issued more than 3 years after Banker's Trust filed its 1991 Form 1042.  The Fund asserts with respect to this alternative argument that the 1991 Form 1042 started the 3-year period for assessing tax owed by it for 1991.

We disagree with the Fund's assertion that respondent is barred from assessing an income tax deficiency for its 1991 or 1992 taxable year.  The parties have requested summary adjudication of this issue, and the record allows us to honor their request.  We may decide this issue as a matter of law because the record shows the absence of a dispute as to a material fact related to the issue.  See Rule 121(b); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

A plain meaning interpretation of the applicable provisions of the Code and regulations controls our decision.  See Connecticut Natl. Bank v. Germain, 503 U.S. 249, 253-254 (1992); TVA v. Hill, 437 U.S. 153 (1978); United States v. American

Trucking Associations, Inc., 310 U.S. 534, 543-544 (1940).

As provided in the Code:

SEC. 6501. LIMITATIONS ON ASSESSMENT AND COLLECTION.

(a) General Rule.--Except as otherwise provided in this section, the amount of any tax imposed by this title shall be assessed within 3 years after the return was filed (whether or not such return was filed on or after the date prescribed) * * *

\*　　\*　　\*　　\*　　\*　　\*　　\*

(c) Exceptions.--

\*　　\*　　\*　　\*　　\*　　\*　　\*

(3) No return.--In the case of failure to file a return, the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time.

As stated in the regulations:

§ 1.6012-1.  Individuals required to make returns of income.-- * * *

\*　　\*　　\*　　\*　　\*　　\*　　\*

(b) Return of nonresident alien individual--* * *

\*　　\*　　\*　　\*　　\*　　\*　　\*

(2) Exceptions.--(i) Return not required when tax is fully paid at source.  A nonresident alien individual * * * who at no time during the taxable year is engaged in a trade or business in the United States is not required to make a return for the taxable year if his tax liability for the taxable year is fully satisfied by the withholding of tax at source under chapter 3 of the Code. This subdivision does not apply to * * * a nonresident alien individual making a claim under § 301.6402-3 of this chapter (Procedure and Administration Regulations) for the refund of an overpayment of tax for the taxable year. * * *

The statutory text reveals that Congress has generally given the Commissioner 3 years after the filing of a return to assess tax for the taxable year covered therein. See sec. 6501(a). The statutory text also reveals that Congress has extended this 3-year period indefinitely in cases where a taxpayer fails to file a return. See sec. 6501(c)(3). Because the Fund did not file tax returns for the subject years, our decision turns on whether the Fund was required to file returns for those years.

We do not read the regulations on which the Fund relies to except the Fund from a requirement that it file returns for the subject years. Although the Secretary, pursuant to the authority delegated to him in section 6012(a), has promulgated rules in those regulations under which certain nonresident taxpayers are excepted from filing a return in a certain situation, see sec. 1.6012-1(b)(2)(i), Income Tax Regs., these rules do not apply to the facts at hand. First, the Fund's tax liability is not "fully satisfied" by amounts that have been withheld. Although the Fund states correctly that the Fund did satisfy this requirement at one time, the Fund ceased to meet this requirement when it requested and received a refund of the withheld tax. The fact that the Fund claimed a refund of these withheld amounts also removed it from the regulatory exception. Section 1.6012-1(b)(2)(i), Income Tax Regs., states specifically that that exception is not applicable where, as is the case here, the taxpayer claims a refund of an overpaid tax.

Nor do we agree with the Fund's alternative argument as to 1991; namely, that Banker's Trust's 1991 Form 1042 triggered the running of the Fund's 3-year assessment period. The Fund is the "taxpayer" to which section 6501(a) refers, and, more importantly, Banker's Trust's Form 1042 is not the Fund's return. See Holmstrom v. Commissioner, 35 B.T.A. 1092, 1103 (1937); Iderstine v. Commissioner, 24 B.T.A. 291, 296 (1931); Cantrell & Cochrane, Ltd. v. Commissioner, 19 B.T.A. 16, 26 (1930). Banker's Trust's 1991 Form 1042 is not even a "return" within the meaning of section 6501. A document is a "return" for purposes of section 6501 only when it (1) purports to be a return, (2) evinces an honest and reasonable attempt to satisfy the requirements of the tax law, (3) contains sufficient information to calculate the taxpayer's tax liability, and (4) is executed by the taxpayer under penalties of perjury. See Beard v. Commissioner, 82 T.C. 766 (1984), affd. per curiam 793 F.2d 139 (6th Cir. 1986). In addition to the fact that Banker's Trust's 1991 Form 1042 fails to set forth enough information to allow respondent to determine the Fund's tax liability for 1991 (e.g., it does not list either the Fund's or ICI's taxpayer identification number, and it does not necessarily limit the Fund's U.S.-source income to the dividends reported therein), Banker's Trust's 1991 Form 1042 was not signed by ICI or the Fund under penalties of perjury.

We hold that respondent issued the deficiency notices to ICI Pension Fund, ICI Pensions Trustee Limited, Trustee, within the

limitation period set forth in section 6501.  In so holding, we have considered all arguments made for a contrary holding, and to the extent not discussed above, find them to be irrelevant or without merit.  To reflect the foregoing,

<u>An order will be issued granting respondent's motion for partial summary judgment and denying petitioner's motion for summary judgment</u>.